JULIA ANN COOVER, Respondent, v. MOORE & WALKER, Appellants.

1. Under the "Act for the better security of life, property and character," (R. C. 1855, p. 647,) where the person killed left minor children, if the husband or wife of the deceased fail to sue within six months after the death, the right of action of the wife or husband is barred. If there be no minor children, the suit may be brought by the husband or wife within one year.

2. It appears that the sum to be forfeited is not intended as a penalty, but as compensatory damages liquidated by the statute.

*Appeal from St. Louis Circuit Court.*

This was an action brought upon the statute of damages. (R. C. 647, § 2.) The suit was commenced April 27, 1858, by petition in the circuit court of St. Louis county, the plaintiff alleging that her husband was killed by the negligence of the driver of defendant's stage, and that he died June 5, 1857. The suit was returnable to October term, 1858, and upon an allegation of non-residence, an order of publication was issued to appear at the October term, 1858. At the trial, judgment was rendered for the plaintiff. The deceased left minor children.

*George P. Strong*, for appellants.

I. The right of action of the plaintiff was barred at the time she commenced her suit, and the right to sue was vested in the minor children of George W. Coover.

II. The right the plaintiff is seeking to enforce is purely a statutory right. No action lies at common law for the negligent killing of another. Penal statutes must be strictly construed. There is no administering this law according to its intent and spirit; it must be administered according to its letter. No intendments will be made in favor or against either party. (Alsop v. Ross, 24 Mo. 283.) In Cushing v. Dill, 3 Ill. 460, where penalty was imposed for wrongly cutting timber, it was held that the penalty could not be recovered

of one whose agent had cut the trees. (Wright v. Bennett, 4 Ill. 258; Jarrett v. Vaughan, 7 Ill. 132; Edwards v. Hill, 11 Ill. 22; Crosby v. Gipps, 16 Ill. 332 & 19 Ill. 309; Beadlestone v. Sprague, 6 J. R. 101; Commonwealth v. Churchhill, 5 Mass. 174; ib. v. Chenay, 6 Mass. 347.) No action can lie upon such statutes in the name of any person unless named. (Fleming v. Bailey, 5 East. 313; State v. Fillyaw, 3 Ala. 736; Davidson v. Blunt, Litt. S. Cas. 128; Rex v. Malland, 2 Strange 828; 4 Foster, N. H. 9; Ferrett v. Atwell, 1 Blatch. C. C. 151; 6 Richardson, S. C. 511; Bess v. Shephard, 2 Bibb, 225; Hickman v. Littlepage, 2 Dana, 344; Graves v. Ford, 3 B. Mon. 113; Smith v. Casey, 22 Ala. 568.)

III. The right of the husband or wife to sue is conditioned that they sue within six months. The right of the child is conditioned that he be a minor; that there be no husband or wife, or that they do not sue within six months.

*R. S. Hart*, for respondent.

I. We contend that the proper construction of the statute is, that the right of action resides exclusively with parents during the first six months, and that after that it is common to them and the minor children until the year expires, which is fixed by section six as the limit upon the action as to any and all parties suing under either or any section of the law. (Palmer v. Lord, 6 John Ch. 95; Faris v. Kirtly, 5 Dana, 440; 3 Ohio, 352.)

BATES, Judge, delivered the opinion of the court.

This was an action brought under the "Act for the better security of life, property and character." (R. C., p. 647.) The defendants were owners of a stage coach, and the husband of plaintiff, being a passenger in the coach, was killed through the negligence of the driver. The plaintiff brought this suit more than six months after the death of her husband, who left minor children. At the trial, in the St. Louis circuit court, instructions prayed by the defendants, that the

lapse of time (six months) was a bar to the plaintiff's action, were refused. The second section of the act provides that a suit may be maintained—First, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased. The sixth section provides that every action instituted by virtue of the preceding sections of the act shall be commenced within one year after the cause of action shall accrue.

From the fact that under this act only certain persons, presumed to be interested in the life of the deceased, may institute an action under it, and that there are large classes of persons whose lives are in no manner protected by the provisions of the act, it appears that the sum which may be recovered is not intended as a penalty, but as compensatory damages liquidated by the statute. There being thus no general right of recovery open to all persons representing the estate of the deceased or interested in his life, only such persons can recover in such time and in such manner as is set forth in the statute.

The general limitation of time is " one year after the cause of action shall accrue." The cause of action of minor children accrues, in case there be a husband or wife, six months after the death; in other cases it accrues at the death. The right of a wife accrues at the death of the husband, and generally she has one year within which to bring suit; if there be, however, minor children, their right of action accrues six months after the death, if the wife have then failed to sue; and the question is, has the wife then a right to sue concurrent with that of the minors? We think not; for only the one sum can be recovered, and, therefore, only one suit prosecuted; and the minors having undoubtedly the right, no such right can remain to the wife.

Judgment reversed. Judges Bay and Dryden concur.