————o————

MARTHA A. DAVIS, *et al.*, Respondents, *vs.* HOLMES AND ELLIOTT, Appellants.

1. *Mortgage—Redemption— Sale of equity of—Sale of title—Foreclosure, etc.—* Mortgaged lands having been sold by the mortgagee, it was decreed by the court that the mortgagor might redeem on payment of the purchase money and the value of the improvements, etc., and on failure to redeem the court ordered sale of the equity of redemption, and after deducting expenses of sale and costs and payment of amounts due the mortgagee and purchaser at the mortgage sale, for improvements, payment of the surplus to the mortgagor. *Held*, that the decree, although not asked for by the mortgagee was proper, except that the whole title should have been sold instead of merely the equity of redemption. A strict foreclosure under the English practice, is foreign to ours and therefore improper.

*Appeal from Andrew Circuit Court.*

*Herron & Rea, Strongs & Hedenberg,* and *Bennett Pike,* for Appellants.

I: Plaintiffs had no right to redeem. The money due on the note and mortgage was paid. (Curtis Eq. Prac., 404 ; Thornton vs. Irwin, 43 Mo., 160, 161 ; Bollinger vs. Chouteau, 20 Mo., 89, 95 ; 4 Kent's Com., 186 ; 4 John. Ch., 140.) There was no application to redeem alleged in the petition, nor proved on the trial, before the institution of the suit. (2 Hill. Mort., 58, § 18 ; 6 Am. Law Reg., 508 ; 29 Me., 302.)

An attempted sale by the mortgagor under a power in a mortgage by which no title to the premises passes, is an equitable assignment of the mortgage debt and the interest in the mortgaged premises. (Grosvenor vs. Day, 1 Clark Chy., 109 ; McSorley vs. Larissa, 100 Mass., 270 ; Robinson vs. Ryan, 25 N. Y., 329 ; Johnson vs. Houston, 47 Mo. 227.)

II. Even if a sale under the circumstances of the case were proper, the decree is erroneous in ordering only the sale of the equity of redemption of respondents in the premises. The order of the sale should have gone to the whole title.

*Allen Vories*, for Respondent.

I. Unquestionably respondent could redeem, and courts of equity in such cases must adapt their decrees to the case before them, and render substantial justice. The relief should vary with the circumstances. (Thornton vs. Irwin, 43 Mo., 167.) In Vermont, the practice is to fix a time when the money due on the mortgage shall be paid, and to decree a foreclosure on failure to make such payment. (Smith vs. Bailey, 10 Vermont, 163.) The practice in Maryland and Virginia is, to decree that the mortgagor shall pay the debt by a given time, and if not paid then, that the mortgagor be forever foreclosed of all equity of redemption, and the mortgaged premises be sold. (See Turner vs. Turner, 3 Munf., 66; In North Carolina, Ingman vs. Smith, 6 Iredell, Eq. 97.) So in Kentucky (See Butt vs. Bonduront, 7 Monroe, 421), and in other States. In others, strict foreclosure is practiced. This whole question is left to the sound discretion of the courts of chancery, and respondents contend that such discretion was not abused in this case, and that the decree rendered by the court below was the only one that would fully meet the case made, and do exact justice between all the parties. The doctrine of strict foreclosure in the Eastern States arises from special statutes.

NAPTON, Judge, delivered the opinion of the court.

This proceeding was instituted by the heirs of Fleming Davis to have certain sales and deeds of land mortgaged by said Davis, which had been made by the mortgagee Elliott, set aside as void, and to allow a redemption of the land by the plaintiff. The purchaser at these sales—Holmes—was also made a defendant. A great number of fraudulent practices and conspiracies are charged in the petition without the slight-

est evidence to sustain them. The result was, however, that the deeds to Holmes, the purchaser at the mortgagee's sale, were declared void; one of them, because sufficient notice of the sale was not given, and the other, because the sale was made in the absence of the mortgagee, by an agent or attorney in fact; and a decree was made fixing a time for the plaintiff to redeem, on the payment of a certain amount of money. This amount was ascertained by the court, on a calculation of the money paid by Holmes in his purchase from the mortgagee, and the rents and profits made by him on the land, after he took possession under his purchase, and the value of the improvements made by him.     There is no objection to the propriety of the decree in this respect, but the decree then decided that if the plaintiffs did not redeem on the day named, the equity of redemption should be sold, and after deducting expenses of sale and costs, and the payment of the sum found to be due defendants, Holmes and Elliott, the remainder of the proceeds should be paid to plaintiffs. And this decree for a sale, on the contingency provided for, is the only point presented for our consideration. It is insisted, that the decree should have been for a strict foreclosure, if the money was not paid on the day named, and that the further decree for a sale of the land, or the equity of redemption, was wrong, no such decree having been asked by the defendant Elliott, the mortgagee. After some hesitation, we have concluded that the decree was right, except in ordering the equity of redemption to be sold, instead of the title.

A strict foreclosure, though common in some States, is a novelty in proceedings on mortgages here.     The plaintiff may be unable to redeem, perhaps in consequence of the improvements, put by the mortgagee or the purchaser from him, on the land, and for which they have been allowed by the court in this case; yet if the land and improvements will overpay the debt of the mortgagor and the value of the improvements after deducting the rents and profits, the mortgagor or his heirs, are entitled to whatever surplus may result from a sale. If Elliott, the mortgagee,

had alone been interested, the decree might have properly ordered a foreclosure of plaintiff's equity, on failure to pay the sum of money found to be due, since Elliott, the mortgagee, though a party defendant, and having still a claim against the land for a small part of the debt of plaintiffs, which the proceeds of the sale did not extinguish, did not in his answer ask to be secured by a sale of the land. But if the property is not redeemed, the mortgagee still holds his claim or debt against the mortgagor, and if the land will pay it he is entitled to be released from his personal liability. The improvements which the court allowed, and we think properly, were a mere lien on the land, and as the plaintiffs in order to redeem, had to pay for them, *minus* the rents and profits, their inability to do so, would not authorize a strict foreclosure of this equity of redemption. A sale would be necessary to ascertain whether the land would not, with its improvements, pay off the mortgage debt and the cost of improvements, and leave a surplus for the mortgagor. As the decree ordered a sale of the equity of redemption alone, it will be reversed, and the cause remanded.

The judgment should have been for a sale of the entire title. As the terms for redemption specified in the judgment have passed, the judgment may have to be altered in other particulars, and therefore we remand the case.

Judgment reversed and cause remanded. The other judges concur. Judge Vories not sitting; Judge Wagner absent.