PHILPOTT *et al.* v. THE MISSOURI PACIFIC RAILROAD COMPANY, *Appellant.*

1. **Action for Death of a Person : NON-RESIDENTS : REVISED STATUTES, SECTION 2121.** The right of action given by Revised Statutes, section 2121, for the death of a person occurring in this state by reason of the negligent act of a railroad, is not limited to residents of this state.

2. ———— **: MINORITY : LAWS OF ANOTHER STATE : PRESUMPTION.** Where in such action brought here by a husband and wife, residents of the state of Texas, for the death of their minor son, who was also a resident of Texas, the laws of this state, and not of Texas, will determine the question of the minority of the son. Besides, in the absence of any evidence to the contrary, it will be presumed that the age of majority is the same in Texas as it is here.

8. ———— **: EMANCIPATION OF SON.** Section 2121, of Revised Statutes, is both penal and compensatory, and the emancipation of a minor son by his parents is no defence to an action thereon by them for his death.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*H. S. Priest* and *T. J. Portis* for appellant.

(1) The date of the emancipation of an infant, as fixed by law, is purely arbitrary. There was no proof in this case of the duration of the period of infancy in the state of Texas. (2) This state, by its statutory law, can not create or affect that period, or so far extend its jurisdiction over the wards of the state of Texas as to affect the relation of parent and child, or ignore what might, upon proof, have shown a legal and binding emancipation, sanctioned by the laws of that state, allowing such contracts between father and son to terminate this relation as to all the world. This right of action in this state is purely statutory, and in derogation of the common law, and arises solely by virtue of the relation of

infancy, and that, together with the law as to when, how
and by whom it should be terminated, depends solely
upon the municipal laws of Texas, about which there was
no proof. The right of the father to recover at common
law for loss of services, depends solely upon proof of
that fact. This was the gist of the action. 2 Kent's
Com. (12 Ed.) 195. (3) The right of recovery under
the statutes of this state is measured by a proper com-
pensation for the loss of services by the death of the
deceased to the person supposed by the legislature to
have a pecuniary interest in the labors of such deceased.
The rule is compensation. *Coover v. Moore*, 31 Mo. 574.
A parent may emancipate his child and divest himself of
any right of service. *Ream v. Watkins*, 27 Mo. 519.
(4) The parents having emancipated the child, and the
rule being compensation, the parents suffered no loss as
charged in the petition, and, therefore, could recover
nothing. *Stanbury v. Bertron*, 7 W. & S. (Pa.) 632;
*Robinson v. English*, 34 Pa. St. 324; *Lehigh Iron Co.
v. Rupp*, 100 Pa. St. 95; s. c. 7 Am. & Eng. R. R.
Cases, 25.

*Collins & Jameson* for respondents.

(1) Section 2121, of Revised Statutes, is not in
any respect contrary to the provisions of article 2, sections
10 and 30, of the constitution of this state, nor of section
1, of article 14, of the constitution of the United States.
It falls under the head of police regulation laws, and
is constitutional. *State, etc., v. Wabash, etc., Ry.*, decided
December 1, 1884; *Kaes v. R. R.*, 6 Mo. App. 397; *Trice
v. R. R.*, 49 Mo. 438; *Munn v. Illinois*, 97 U. S. 113;
*Thorp v. R. R.*, 27 Vt. 140. (2) Said section 2121, of Re-
vised Statutes, is penal, and the amounts of damages are
liquidated and fixed by its terms. *Rafferty v. R. R.*, —
Mo. App.; *Irwin v. R. R.* (decided by Judge McCrary,
March 31, 1883). (3) The statute is not confined to
citizens of this state. *Trice v. R. R.*, 49 Mo. 438;

*Stockman v. R. R.,* —— Mo. App. (4) The statute being penal, the cause of action is not based on the loss of services. The parent cannot make a valid contract whereby he irrevocably divests himself of the custody of his children. *In matter of Scarrit,* 76 Mo. 565 ; *Courtright v. Courtright,* 40 Mich. 633 ; Schouler's Domestic Relations, 342. (5) To authorize a verdict for substantial damages in an action by a parent for the negligent killing of his infant child, it is not necessary to make proof of the amount of damages sustained. The jury may infer this from all the facts in evidence. *Nagel v. Mo. Pacific Ry. Co.,* 75 Mo. 653, 665 ; *Ihl v. Railroad Co.,* 47 N. Y. 317 ; *City of Chicago v. Major,* 18 Ill. 349 ; *Owen v. Brockschmidt,* 54 Mo. 289. (6) "In passing upon a demurrer to the evidence, the court is required to make every inference of fact in favor of the party offering the evidence which a jury might, with any degree of propriety, make in his favor." *Buesching v. St. Louis Gas Light Co.,* 73 Mo. 230 ; *Wilson v. Board of Education,* 63 Mo. 137.

BLACK, J.—The plaintiffs, husband and wife, recovered judgment against the defendant for the sum of $5,000, because of the death of their minor son, between nineteen and twenty years of age, occasioned by the collision of two trains of cars on the defendant's road, at Washington, in this state. The son was, on the night of the thirtieth of May, 1881, traveling in the caboose car of a stock train, in charge of stock, when this car collided with the caboose car of another train. From the effect of the injuries thus received he died in some ten or twelve days. The collision was occasioned by the negligence of defendant's servants, as found by the jury. The defendant, among other things, answered that the plaintiffs and their son were residents and citizens of the state of Texas ; and, further, that they had emancipated their son from all paternal control and interference. These

defences were, on motion of plaintiffs, stricken out.  Of this ruling error is assigned.

1.  The cause of action accrued in this state.  The plaintiffs assert their rights under the provisions of our damage act.  There is nothing in the act which, in the least, indicates a legislative intent to limit the rights thereby conferred to residents or to persons domiciled in this state.  Its provisions are for the benefit of the traveling public—alike for the resident and non-resident.

2.  There was no evidence as to what the age of majority is in the laws of the state of Texas.  Proof of this, it is contended, was an essential element of the plaintiffs' case.  We must be guided by our own law in this respect. As to acts done and rights acquired here, the laws of this state, and not those of Texas, must determine whether the son was or was not a minor.    4 Kent's Com. (12 Ed.) 233, n. c. ;  *Gilberth v. Bunce*, 55 Mo. 349.   Besides, in the absence of any evidence as to what the age of majority is in that state, we must presume it to be the same as fixed by the common law of this state, which, doubtless, would be twenty-one years.

3.  A father may emancipate his son, and when he has done so, the son will be entitled to his own earnings until the father sees fit to resume his authority.  *Ream v. Watkins*, 27 Mo. 519.  This being the law, it is insisted that the statute is compensatory, and because of the emancipation the parents are not damaged.    This suit is based upon section 2121, Revised Statutes, 1879, which provides, so far as applicable to this case, that whenever any person shall die from any injury, occasioned by the negligence of any servant or employe while managing any car or train of cars, the corporation in whose employ such servant or employe shall be at the time such injury is committed, shall " forfeit and pay for every person so dying, the sum of five thousand dollars," which may be

sued for and recovered, when the deceased is a minor and unmarried, by the father and mother, and each shall have an equal interest in the judgment. The statute is remedial and is designed to be compensatory in part. But it is more than this. The case at bar demonstrates the fact that it cannot be wholly compensatory, for the amount of the recovery, being fixed, as it is, is altogether out of proportion to the value of the services of the son for the remainder of the period of his minority. The law is also designed to guard and protect persons and the traveling public against the wrongful acts thereby prohibited. Whether the amount awarded is denominated damages, compensatory damages, liquidated, as was said in *Coover v. Moore, et al.*, 31 Mo. 574, or a penalty, is not material. The law, as well as being compensatory, is of a penal and police nature, and can, without objections, subserve both purposes at one and the same time. The right to recover is, therefore, not made to depend upon services which the deceased could have rendered to the persons suing. The emancipation of the son by the parent, if alleged and proved, constitutes no defence.

4. Other questions were raised on the trial and are preserved in the bill of exceptions, but as they are not pressed here, will not be considered.

Judgment affirmed. The other judges concur.