O'Fallon v. Clopton.

O'Fallon, *by his Guardian*, v. Clopton, *Appellant*.

1. Mortgage, Strict Foreclosure of. The doctrine of the strict forclosure of a mortgage does not prevail in this state.

2. Statute of Frauds. An agreement on the part of a creditor secured by a deed of trust to buy the property in at the sale, and to hold it in trust for the debtor, and thereafter to make public sale of it to the highest bidder, the proceeds of which were to be applied, first, to the payment of the debt, and the surplus, if any, to be paid to the defendant, is not within the statute of frauds.

3. Practice : NEW PARTY. Where the complete determination of a cause cannot be had without bringing in a new party, the court should make its order to join such party in the suit. R. S., sec. 3568.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*W. H. Clopton pro se.*

(1) This case is not governed by *Miltenberger v. Morrison*, 39 Mo. 71, relied upon by respondent. The agreement made by Mr. Carter as to the bidding in of the property at the trustee's sale, having been acted upon by appellant to his detriment before the day of sale, and by Carter at and after the sale, is not within the statute of frauds. *Baker v. Halligan*, 75 Mo. 435; *Gillespie v. Stone*, 70 Mo. 505. (2) Frank Carter, the trustee, was also the managing agent for the *cestui que trust*, and his conduct should be watched with closer scrutiny than that of a trustee occupying an impartial relation to debtor and creditor. *Stoppel v. Schraeder*, 62 Mo. 147; *Thacker v. Tracy*, 8 Mo. App. 315; *Sherwood v. Saxton*, 63 Mo. 68; *Graham v. King*, 50 Mo.. 22; *Tatrum v. Halliday*, 59 Mo. 442; *Landrum v.. Bank*, 63 Mo. 48; *Howard v. Ames*, 3 Met. [Mass.] 311; *Montague v. Davis*, 14 Allen [Mass.] 369. (3) The trustee should have postponed the sale under the circumstances when he saw the property going for fifty and seventy cents per foot. *Bales v. Perry*, 51 Mo. 449; *Vail v. Jacobs*, 62 Mo. 130. He had already instructed his attorney to see that the property brought enough to pay the debt—to buy it in if it did not; thereby confessing his estimate of the property at the time of the sale to be equal to the debt, yet he stood by and saw the debtor sacrificed. They cannot be answered by saying the debtor was present, because he was there relying on the agreement of the trustee that he, the debtor, was being protected. (4) The trustee is agent for both parties, and it is his duty to protect the interests of both. *Breckenkamp v. Rees*, 69 Mo. 426. (5) A trustee cannot buy at his own sale. *Allen v. Ranson*, 44 Mo. 267; *Thornton v. Irwin*, 43 Mo. 153. The trustee, it is true,

did not do the bidding ; but in a day or two, by *mesne* conveyance, he got the title. If he holds it for himself, an unconscionable advantage will be had of appellant ; if for his principal, it demonstrates the partiality of the trustee at the sale. (6) At the sale in July the property should have been sold for the best price, and appellant should have credit for the proceeds. *Sherwood v. Saxton*, 63 Mo. 73. He should not have released Bryan from his bid without appellant's consent. He testifies that he released him in the interest of respondent, within a few minutes after the sale.

*Alexander Martin* also for appellant.

(1)   Our statutes provide that "Judgment may be rendered for the debt or damages, and that the equity of redemption may be foreclosed, and the mortgaged property sold to satisfy the amount due." R. S. 1879, sec. 3297 ; Jones on Mortgages [2 Ed.] secs. 1538, 1539, 1552, 1571, 1572. In *Davis v. Holmes*, 55 Mo. 349, Napton, J., remarks : "A strict foreclosure, though common in some states, is a novelty in proceedings on mortgages here." The case was reversed because of a failure to decree sale of the entire property mortgaged. (2) The decree in this case relating to the mortgaged property is in open violation of the modern practice, as declared in our decisions, as well as ordered in our statutes. The decree gives Mr. Clopton sixty days within which to pay the debt and redeem the property. If he fails to redeem, no sale is provided for and no further right of his to the land is recognized or protected. It is true the decree is meagre in its terms and wanting in the formal language of a foreclosure in chancery. But the substantial conclusions appear in it that the equity of redemption was adjudged to him, and that the only way in which he could avail himself of it was to pay within sixty days. If he failed he lost everything, and the property neces-

sarily became absolute in the creditor. 2 Jones on Mortgages, sec. 1561. (3) The decree should be so amended as to order a sale in default of payment. The fact that Mrs. Clopton was not made a party to the suit does not affect the equity in this case. Mr. Clopton was the maker of the note, and the judgment on it was against him. As a debtor for the property conveyed to his wife, he is interested in the same.

*Henry . Hitchcock* and *Smith & Krauthoff* for respondent.

(1) Upon the facts averred in the answer, and the proof made, the defendant was entitled to no relief whatever, much less is he in a position to complain of the opportunity to redeem the property afforded him by the decree. *Miltenberger v. Morrison*, 39 Mo. 71; *Lathrop v. Hoyt*, 7 Barb. 59. (2) But this was not even a bill to redeem, but one to set aside the sale under the deed of trust, and declare it void. For such relief no foundation whatever was laid in the averments of the answer. (3) The evidence absolutely failed to show that before the mortgage sale on March 28, 1879, Frank Carter, who alone acted in the matter for the plaintiff and his guardian, made any such agreement with Mr. Clopton, or with any person for him, as alleged in the answer. (4) The decree rendered by the circuit court gave to the defendant below the utmost relief to which, upon any view of the pleadings and proof, he could possibly be entitled.

NORTON, J.—This suit is founded upon a promissory note executed by defendant and B. B. Clopton, his wife, not sued herein. It is averred in the petition that the defendant and his wife executed a deed of trust conveying to one Carter, as trustee, certain real estate to secure

the payment of said note, and that, in pursuance of the power therein given, the trustee sold the property for $789.73, which was applied as a credit on the note, and judgment was asked for the remainder. The defendant filed an answer in the nature of a cross-bill, which, after admitting the execution of the note and deed of trust, and sale under it, sets up that the plaintiff, who controlled said sale, declined to postpone the same after it was advertised to be made, but agreed to buy the property in at said sale, and hold it in trust for defendant, and thereafter to make public sale of the same to the highest bidder, the proceeds of which were to be applied, first, to the payment of the note, and the surplus, if any, to be paid to defendant. The answer then avers, that, relying on this arrangement, he made no effort to guard or protect his interest at said sale, but allowed it to be bought in by the agent of plaintiff, and that plaintiff has failed to observe or keep his said agreement, and has declined and refused to make sale of the property as agreed upon; that he undertook to sell the same, but released bidders from their bids. The answer concludes with a prayer to decree the sale void, and to invest the property in defendant subject to the deed of trust, and for such other and further relief as he may be entitled to.

Upon the hearing and trial of the cause, the circuit court entered the following judgment and decree:

"That the plaintiff recover of and from the defendant, William H. Clopton, the sum of $2,862.69, with interest thereon at the rate of ten per cent. per annum until paid, and that he have execution therefor. And the court doth further adjudge and decree that the said defendant, William H. Clopton, have leave, and he is hereby authorized, to redeem the premises described in the deed of trust mentioned in the petition and second amended answer herein, upon his paying to the plaintiff herein, at any time within sixty days from this day, the

whole amount which would have been due (at the time of such redemption) upon said deed of trust by way of principal and interest, if no sale had taken place thereunder, and no credit made by reason thereof, and also all the costs of said sale under the deed of trust, with interest thereon at six per centum from the time when they were paid by plaintiff, and also all sums paid by plaintiff at any time after the date of said trust deed for the taxes upon the premises described upon said deed of trust, together with interest thereon at the rate of six per centum from the time when such sums were paid. And it is further decreed that if the said defendant, William H. Clopton, does, within the sixty days as above provided, so pay said money, and redeem said real estate, then the judgment herein rendered in favor of the plaintiff shall be deemed fully paid and satisfied, and the deed of Henry J. Sharp to Frank Carter, acknowledged on the twenty-ninth day of March, 1879, and recorded in the recorder's office for the city of St. Louis, state of Missouri, in book 610, page 355, be cancelled, and declared of no effect, and the title to said real estate shall vest in Belle Bryan Clopton without further act to be done, and free from the lien of said deed of trust; and it is further decreed that defendant, William H. Clopton, pay the costs of this action."

From this decree an appeal was prosecuted by defendant to the St. Louis court of appeals, where, on the affirmance of the judgment, he prosecutes his appeal to this court, insisting that the decree is erroneous in not giving him the measure of relief to which he is entitled.

It is manifest that while the decree of the court recognizes the right of defendant to retain the property, it also recognizes the fact that the sale made under the deed of trust was voidable, and that in equity the property remained subject to the payment of the whole debt,

notwithstanding the sale made by the trustee under the deed of trust. It will also be observed that, by the terms of this decree, in the event of defendant's being unable within sixty days to redeem the property by paying the debt; that not only is his equity of redemption forever gone, but the title to the property becomes absolute in plaintiff's agent, with a judgment also in favor of plaintiff for $2,862.69, the balance of the note, after applying as a credit thereon the sum of seven hundred and eight-nine dollars, bid for the property at the trustee's sale, the evidence in the case tending to show that the real estate was worth at the time of the sale five dollars per front foot, and that it had a frontage of about thirteen hundred feet.

The decree rendered partakes of the nature of a strict foreclosure, a practice which has never prevailed in this state, and which it is said in the case of *Davis v. Holmes*, 55 Mo. 349, would be a novelty in proceedings on mortgages here. If the sale, as the court must have found, was made under the circumstances set up in defendant's answer and cross bill, to permit it to stand would be to allow the perpetration of a fraud on defendant, in favor of which the statute of frauds invoked by counsel for plaintiff could not operate, it being well settled that frauds and trusts are not within the operation of the statute of frauds. *Rose v. Bates*, 12 Mo. 30 ; *Damschroeder v. Thias*, 51 Mo. 100 ; *Gillespie v. Stone*, 70 Mo. 505.

Under the circumstances attending the trustee's sale, and the understanding of the parties as set up in the cross bill, upon which the court must have based its decree, the sale and deeds made in virtue of it should have been set aside, judgment rendered against defendant for the full amount of the note and interest, and taxes paid, if any, the deed of trust foreclosed by ordering a sale of the property to pay the judgment, and awarding a general execution for whatever of the judg-

ment remained unsatisfied after applying the proceeds of the sale of the property. This character of decree is fully warranted by the general prayer for relief, notwithstanding the prayer for specific relief. It is insisted that such a decree could not be made because Mrs. Clopton was not made a party. Inasmuch as the court was fully possessed of the cause, and inasmuch as a complete determination of the controversy could not be had without Mrs. Clopton being made a party, the court should have ordered her to have been brought in as a party, as provided in section 3568, Revised Statutes, and as ruled upon in *Butler v. Lawson*, 72 Mo. 246, and *Hayden v. Marmaduke*, 19 Mo. 403.

Judgment reversed and cause remanded to be proceeded with in conformity with this opinion. All concur.