## LAURA P. RAISOR

### *v.*

## THE CHICAGO AND ALTON RAILWAY COMPANY.

*Opinion filed April 17, 1905.*

1. CONFLICT OF LAWS—*penal statute of foreign State cannot be enforced in this State.* A statute of a foreign State which is penal in its character cannot be enforced in the courts of Illinois.

2. SAME—*when foreign statute is penal.* A statute of a foreign State providing that if any person dies from injury received on a railroad the company "shall forfeit and pay for every person or passenger so dying the sum of $5000" to certain classes of persons given the right of action, without requiring proof of damage to the plaintiff but only that death was caused by the defect, negligence or criminal intent mentioned in the statute, is penal in character.

3. PUBLIC POLICY—*acts of legislature are resorted to to determine policy of State.* In order to ascertain the policy of the State with respect to any matter the acts of the legislative department must be looked to, as it is not the province of the courts to create public policy.

4. SAME—*when a statute of foreign State is contrary to public policy of this State.* A statute of a foreign State permitting the recovery of a fixed sum for the negligent killing of a person without proof that the plaintiff has sustained damages is contrary to the public policy of this State as evidenced by the statute requiring proof, in such a case, that the plaintiff has sustained pecuniary loss.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

The following is the statement of the facts in this case, made by the Appellate Court:

"Laura P. Raisor, appellant, sued appellee in case for negligence causing the death of her husband, Isaac S. Raisor. The declaration was demurred to by appellee. The court sustained the demurrer, and defendant electing to stand by her demurrer, gave judgment for appellee.

"The declaration contains six counts. It is averred, in substance, that Isaac S. Raisor, appellant's husband, was in

the employ of the United States Express Company as a messenger, and July 10, 1901, was engaged in the discharge of his duties as such in the baggage car of defendant's train which was running westerly between Slater and Marshall, in Saline county, in the State of Missouri, and was exercising due care for his personal safety, when a locomotive and train of freight cars of the defendant, approaching in the opposite or easterly direction, were so negligently and carelessly managed and operated by the defendant that the same, at a point between said Slater and Marshall, struck and ran into the train on which said Isaac S. Raisor was being carried, whereby he was struck with great force and violence and was killed.

"In each of the counts except the sixth the plaintiff pleads sections 2864, 2873, 2875 and 2876 of a statute of the State of Missouri. In the sixth count she pleads only section 2864. The sections so pleaded are as follows:

" '2864. Whenever any person shall die from any injury resulting from or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant, or employe whilst running, conducting or managing any locomotive, car or train of cars, or of any master, pilot, engineer, agent or employe whilst running, conducting or managing any steamboat or any of the machinery thereof, or of any driver of any stage coach or other public conveyance whilst in charge of the same as a driver; and when any passenger shall die from any injury resulting from or occasioned by any defect or insufficiency in any railroad, or any part thereof, or in any locomotive or car, or in any steamboat or the machinery thereof, or in any stage coach or other public conveyance, the corporation, individual or individuals in whose employ any such officer, agent, servant, employe, master, pilot, engineer or driver shall be at the time such injury is committed, or who owns any such railroad, locomotive, car, stage coach or other public conveyance at the time any injury is received, resulting from or occasioned by any defect or insufficiency, unskillful-

ness, negligence or criminal intent above declared, shall forfeit and pay for every person or passenger so dying the sum of $5000.00, which may be sued for and recovered, first, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, whether such minor child or children of the deceased be the natural born or adopted child or children of the deceased: *Provided,* that if adopted, such minor child or children shall have been duly adopted according to the laws of adoption of the State where the person executing the deed of adoption resided at the time of such adoption; or, third, if such deceased be a minor and unmarried, whether such deceased unmarried minor be a natural born or adopted child, if such deceased unmarried minor shall have been duly adopted according to the laws of adoption of the State where the person executing the deed of adoption resided at the time of such adoption, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment, or if either of them be dead, then by the survivor. In suits instituted under this section it shall be competent for the defendant, for his defense, to show that the defect or insufficiency named in this section was not of a negligent defect or insufficiency and that the injury received was not the result of unskillfulness, negligence or criminal intent.

" '2873. That every railroad corporation owning or operating a railroad in this State shall be liable for all damages sustained by any agent or servant thereof, while engaged in the work of operating such railroad, by reason of the negligence of any other agent or servant thereof: *Provided,* that it may be shown in defense that the person injured was guilty of negligence contributing as a proximate cause to produce the injury.

" '2875. That all persons who are engaged in the common service of such railroad corporation, and who, while so

engaged, are working together at the same time or place to a common purpose of same grade, neither of such persons being entrusted by such corporation with any superintendence or control over their fellow employes, are fellow-servants with each other: *Provided,* that nothing herein contained shall be so construed as to make any agent or servant of such corporation in the service of such corporation a fellow-servant with any other agent or servant of such corporation engaged in any other department or service of such corporation.

" '2876. No contract made between any railroad corporation and any of its agents or servants, based upon the contingency of the injury or death of any agent or servant, limiting the liability of such railroad corporation for any damages under the provisions of this act, shall be valid or binding, but all such contracts or agreements shall be null and void.' "

DARROW, MASTERS & WILSON, for plaintiff in error.

WINSTON, PAYNE & STRAWN, (F. S. WINSTON, and RALPH M. SHAW, of counsel,) for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The following opinion delivered by the Appellate Court for the First District, speaking through Mr. Justice ADAMS, correctly disposes of the questions involved in this case, and is adopted as the opinion of this court:

"Under the declaration plaintiff can only recover, if at all, under section 2864, and the arguments of counsel for the parties, respectively, are on this hypothesis. The questions argued are, whether section 2864 is penal, and whether the enforcement of the section would be contrary to the policy of this State, appellee urging the affirmative and appellant the negative of both questions. If the section is penal in its character it cannot be enforced in this State. (Story on

Conflict of Laws, sec. 620, *et seq.; Shedd* v. *Moran,* 10 Ill. App. 618, 623; *Sherman* v. *Gassett,* 4 Gilm. 521, 523.)   In the last case the court say: 'It is a well settled rule of jurisprudence that the courts of one country will not enforce either the criminal or penal laws of another.'

"The language of the statute (sec. 2864) is, 'shall forfeit and pay for any person or passenger so dying, the sum of $5000.00, which may be sued for and recovered,' etc.   The plaintiff is not required to prove any damage, but only that the death was occasioned by such defect, negligence or criminal intent as is mentioned in the section and averred in the declaration.   The declaration in this case is framed on this theory, except the fifth count, in which it is averred that the plaintiff was dependent for support on the deceased, and by his death has been deprived of her means of support.   Each count except the sixth contains this averment: 'That by reason of the premises and said sections, the defendant has become liable to pay plaintiff the sum of $5000.00.'   The sixth count has the same averment, with the exception that the word 'section' instead of 'sections' is used.

"As the statute is administered in Missouri no proof of damage is required.   In *Philpott* v. *Missouri Pacific Railway Co.* 85 Mo. 164, the suit was brought by the parents of a minor son, between nineteen and twenty years of age at the time of his death.   It was objected that the father had emancipated the deceased and therefore was not entitled to his earnings, and that the statute was compensatory, and there could be no recovery.   The court acceded to the proposition that if the deceased had been emancipated the father had no right to his earnings, but said: 'Whether the amount awarded is denominated damages, compensatory damages, liquidated, as was said in *Coover* v. *Moore,* 31 Mo. 574, or a penalty, is not material.   The law, as well as being compensatory, is of a penal and police nature, and can, without objections, serve both purposes at one and the same time.' Thus the court, by the nature of the defense, namely, that

no pecuniary loss had been suffered by the plaintiff by their son's death, was forced, in order to sustain the action, to hold that the statute was penal. In *Rafferty* v. *Missouri Pacific Railway Co.* 15 Mo. App. 559, which was a suit by parents, under the same section of the statute, to recover for the death of a minor child, the jury, contrary to the instructions of the court, returned a verdict for $2500.00, which the court, on motion for a new trial by the defendant, set aside, saying of the statute: 'It is penal in its nature, and it is right that the carriers and corporations named in it, and against whom a heavy penalty is assessed, which goes to the surviving relatives, in each case of a death caused by the negligence of their servants, should have whatever benefit they may derive under the statute from the size and fixity of the sum named as damages.' Thus the Missouri courts have construed the section as penal.

"By the terms of the statute, and as it is administered in Missouri, whether the plaintiff has or not suffered pecuniary loss or damage is immaterial. His right to recover depends solely on the plaintiff's relation to the deceased and the culpability of the defendant, within the meaning of the statute and as averred in the declaration. From this it necessarily follows that a plaintiff who has suffered no damage, but has even been relieved, by the death, of a pecuniary burden, may recover $5000.00. If, in any case, any part of the amount recovered may be deemed compensatory, this is merely incidental, the primary object of the statute being punitory. The amount recoverable is fixed at $5000.00. No more and no less is recoverable, (*Rafferty* v. *Missouri Pacific Railway Co. supra,*) and this, even though the plaintiff has suffered no damage.

"*Marshall* v. *Wabash Railroad Co.* 46 Fed. Rep. 269, decided in 1891, was a suit in the United States Circuit Court based on the statute in question. *Coover* v. *Moore,* 31 Mo. 574, and *Philpott* v. *Railway Co.* 85 id. 164, were cited in support of the proposition that the statute was not

penal, in respect to which the court said: 'Now, it is insisted that these decisions settle the proposition that the statute under consideration is not a penal statute and that this court is bound by those decisions. I do not concur with either proposition. It is true that the court, in *Coover* v. *Moore*, say that the damages are compensatory. So they may be in certain cases, and in some cases less than full compensation. But where the plaintiff is not required to offer any evidence proving damages and the defendant is not permitted to offer any evidence disproving damages, and the recovery is to be one fixed sum in every case, I cannot understand how the statute under which that is done can be regarded as providing compensation merely, and not penal.' The court held as follows: 'I therefore hold that this court has no jurisdiction in this case, upon the well recognized rule that penal statutes can be enforced only within the sovereignty of their creation, much for the same reason that criminal statutes have no extra-territorial force.'

"In *Matheson* v. *Kansas City, Ft. Scott and Memphis Railroad Co.* 61 Kan. 667, the court refused to enforce the Missouri statute because of its penal character, saying, among other things: 'An arbitrary award of a fixed amount of damages, regardless of pecuniary loss sustained, is antagonistic to our policy and is palpably inconsistent with our statute authorizing a recovery in such cases. Here the plaintiff must show a pecuniary loss, and the recovery is limited to the actual damages sustained. If the life of the deceased is of no pecuniary value to the next of kin no more than nominal damages can be recovered. There have been a number of such cases, an illustration of which may be found in *Atchison, Topeka and Santa Fe Railroad Co.* v. *Weber*, 33 Kan. 543, (6 Pac. Rep. 877,) where the jury specially found that the life of the deceased was of no pecuniary value to those for whose benefit the action was prosecuted. The arbitrary forfeiture of $5000.00 in such a case, arising under the Missouri statute, would be purely punitive, and the

fact that the penalty was bestowed on relatives of deceased would not take away the penal character of the award.'

"A statute of the State of Massachusetts provided as follows: 'If, by reason of negligence or carelessness of a corporation operating a railroad or street railway or the unfitness or gross negligence or carelessness of its servants or agents, while engaged in its business, the life of a passenger, or of a person being in the exercise of due diligence and not a passenger or in the employment of such corporation, is lost, the corporation shall be punished by fine of not less than $500.00 or more than $5000.00, to be recovered by indictment prosecuted within one year from the time of the injury causing death, and paid to the executor or administrator for the use of the widow and children of the deceased in equal moieties, or if there are no children, to the use of the widow, or if no widow to the use of the next of kin; but a corporation operating a railroad shall not be so liable for the loss of life by a person while walking or being upon its road contrary to a law or to the reasonable rules and regulations of the corporation. If the corporation is a railroad corporation it shall also be liable in damages not exceeding $5000.00 nor less than $500.00, to be assessed with reference to the degree of culpability of the corporation or its servants or agents, and to be recovered in an action of tort commenced within one year from the injury causing the death, by the executor or administrator of the deceased person for the use of the persons hereinbefore specified in a case of indictment.' The administrator of one L. C. Adams, deceased, brought suit under the last sentence of the section quoted *supra,* in the State of Vermont. (*Adams* v. *Fitchburg Railroad Co.* 67 Vt. 76). The court held that the statute was penal, and, therefore, not enforceable in Vermont. The reasoning of the court is, in substance, that the true test whether a statute is penal is, whether the main purpose of the statute is the giving of compensation for an injury sustained or the infliction of a punishment on a wrongdoer, and held that, applying this test,

the statute was penal, saying, among other things: 'It appears, then, that whatever the damages may be or whomsoever the person for whose benefit they are recovered, they are not given with reference to the loss sustained. * * * All these matters which enter into the question of compensation are excluded from the inquiry. The wrongdoer is to be punished whether the person receiving the amount of the recovery has sustained a substantial injury or not. If the beneficiary has, in fact, received an injury, it is in no way made the basis of the recovery.' This reasoning is equally applicable to the statute in question, and is, as we think, unanswerable. The proof required in the present case is substantially the same as would be required in support of an indictment against the corporation for the alleged negligence.

"In *O'Reilly* v. *N. E. R. R. Co.* 16 R. I. 388, the court held the Massachusetts statute penal and refused to enforce it, saying: 'That the liability imposed by the Massachusetts statute is penal is very clear. The damages, as we construe the provision, are directed 'to be assessed with reference to the degree of culpability of the corporation, or of its servants or agents,' and to the amount of at least $500.00. These directions clearly show a punitive purpose.' (Ibid. 394).

"The Supreme Court of Kansas, in *Dale* v. *Railroad Co.* 57 Kan. 601, held a statute of New Mexico, substantially the same as the Missouri statute, penal, and therefore not enforceable in Kansas.

"Appellant's counsel rely on *Huntington* v. *Attrill,* 146 U. S. 657, and quote the following from the opinion in that case: 'The rule that courts of no country execute the penal laws of another applies not only to prosecutions and sentences for crimes and misdemeanors, but to all suits in favor of the State for the recovery of pecuniary penalties for any violation of statutes.' Minor, in his work on Conflict of Laws, (p. 22, note 3,) criticises much that is said in the opinion, and on page 24 says: 'So far as private international law is concerned it matters not whether that punishment is

inflicted through the instrumentality of an ordinary prosecution by the State's officers for a fine, or through the medium of a civil action by the party injured for penal damages. In substance it is an act of punishment. It is punitive in either case.' Such seems to be the view of the court in *Missouri River Tel. Co.* v. *National Bank,* 74 Ill. 218. In that case the plaintiff declared specially that the defendant, in violation of an act of Congress, received from it, at divers times, interest amounting to $500.00 above the rate allowed by the law of Iowa, in violation of an act of Congress, whereby the defendant became liable, under said act, to pay the plaintiff double that sum, namely, $1000.00. The transactions involved occurred in Iowa. The court held that the statute was penal; that by the act of Congress jurisdiction was not conferred on this State, and say: 'And it is equally true that both the governments of the United States and Iowa are wholly independent of this State. They, severally, have all the attributes of sovereignty essential to the enactment and enforcement of laws for the government of their citizens within the limits of their constitutions, and in accordance with long settled rules of law this State cannot enforce their criminal or penal laws.' See, also, *Sherman* v. *Gassett, supra.*

"Is the Missouri statute contrary to the public policy of this State? In order to ascertain the policy of the State in respect to any matter the acts of the legislative department must be looked to. It is not within the province of the courts to create public policy. Their province is limited to declaring it when ascertained. (*Carroll* v. *City of East St. Louis,* 67 Ill. 568, 571).

"In 1845 the legislature adopted as the law of this State 'the common law of England and all statutes or acts of the British parliament made in aid thereof, and to supply the defects of the common law prior to the fourth year of James the First.' (Rev. Stat. 1845, chap. 62, sec. 1.) This includes the common law forms of actions *ex contractu* and *ex delicto,* and at common law the plaintiff in an action *ex delicto,* or in

any action sounding in damages, cannot recover substantial damages without proof that he has suffered such. Two elements must concur to entitle a plaintiff to recover substantial damages, injury and actual damages, and these two must be proved. On proof of injury alone, nominal damages may be recovered, as the law presumes some damage on proof of injury; but there can be no recovery of actual or substantial damage in the absence of proof thereof.

"But the legislature has expressed itself with regard to the very subject matter of the present suit, namely, the death of a person 'caused by wrongful act, neglect or default.' In such case an action may be brought in the name of the personal representative of the deceased, for the benefit of the widow and next of kin. But the statute contains the provision: 'In every such action the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding $10,000.00.' (Hurd's Rev. Stat. 1903, p. 1043). Our statute is, substantially, a copy of the first two sections of 9th and 10th Victoria, (chap. 93,) and of the New York statute on the same subject, and it has been held in England, New York and this State that the pecuniary loss to the widow and next of kin is the sole measure of damages, and that when there has been no pecuniary loss there can be no recovery. (*Chicago and Rock Island Railroad Co.* v. *Morris,* 26 Ill. 400). It is therefore, as we think, contrary to the policy of this State, as evidenced by the acts of the legislature, to permit a recovery for damages on mere proof of neglect or default of the defendant, and without proof that the plaintiff has suffered any pecuniary loss.

"The judgment will be affirmed."

Accordingly, the judgment of the Appellate Court, affirming the judgment of the circuit court of Cook county, is affirmed.    *Judgment affirmed.*