AMON S. GILBERT

*v.*

WALLACE G. BONE.

1. EVIDENCE—*degree of proof required—under penal statute.* Whilst it is true that, in a civil action, it is not necessary that the liability of the defendant should be established with the same degree of certainty required in criminal cases, yet, where the suit is brought under a penal statute, the plaintiff, before he can recover, must bring himself clearly within the provisions of the statute.

2. NEW TRIAL—*verdict against the evidence—same rule in suit on penal statute as in other civil suits.* In a suit brought against a county clerk, under the statute, for issuing a marriage license to a minor, the law in regard to granting new trials on account of insufficiency of the evidence to support the verdict is the same as in all civil cases, namely: that the court will not disturb a verdict merely because it, if trying the question of fact, would have found differently from the jury, and that, to authorize the interference of the court in this respect, the evidence must clearly and palpably preponderate against the verdict.

3. MARRIAGE LICENSE—*proof as to age of parties to justify clerk in issuing.* In an action by a father against a county clerk for issuing a license for the marriage of a minor daughter of the plaintiff, the defendant testified that he had no knowledge of the age of the plaintiff's daughter previous to the time application was made to him for the license; that, when the application was made, he first examined the applicant, under oath, touching his own age and that of the daughter of plaintiff, and that he testified that he was 21 years of age and over, and

that she was 18 years of age and over, and that he accepted this evidence as satisfactory proof of their respective ages: *Held,* that this testimony, if true, made out a defense to the action.

4. CREDIBILITY OF WITNESS—*contradictory statements on cross-examination.* In such case, the fact that the testimony of the defendant, on his cross-examination, might be reasonably construed as impeaching that given in his direct examination, is not sufficient ground for saying that the jury were clearly wrong in crediting the latter. It is not sufficient that such a construction might reasonably be given to the testimony. Unless it must *necessarily* be given it, it can not be said the jury were clearly wrong in construing it as they did.

5. EVIDENCE—*record of divorce not competent, in suit for unlawfully issuing license for marriage of the parties.* In a suit against a county clerk for issuing a marriage license for the marriage of a minor, the record of a subsequent divorce case between the parties for whose marriage the license was issued, is not competent evidence.

6. SAME—*motives of party bringing suit not material.* In a suit by the father of a minor daughter against a county clerk for issuing a license for her marriage, it is unimportant what the motives of the plaintiff may be in prosecuting the suit, and the jury have no right to inquire into them.

7. LAW AND FACT—*who shall decide.* It is improper to instruct the jury that " it is incumbent on the plaintiff to make out his case, so far as he has the affirmative, by a preponderance of testimony," etc., without telling them in what respect he has the affirmative. Whether one party or the other has the affirmative on a particular issue, is a question of law for the court, and not one of fact for the jury, and it is not proper that it should be left for them to determine which has the affirmative, or to what extent it is incumbent on either to have the preponderance of evidence.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. J. M. KIRKPATRICK, for the appellant.

Mr. JOHN J. GLENN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was debt, by appellant, against appellee, for issuing a marriage license, while acting as county clerk, to a minor, without having first obtained the consent of the parent or guardian.

The case was brought to this court at the September term, 1872, and reversed for error in overruling demurrer to appellee's pleas. See *Gilbert* v. *Bone*, 64 Ill. 518. After the case was remanded to the court below, appellee's plea was amended so as to · obviate the objections pointed out in the opinion given by this court; trial was had before the court and a jury, and verdict rendered in favor of appellee. Appellant moved for a new trial, which motion the court overruled, and gave judgment on the verdict of the jury.

It is argued, with much apparent sincerity and earnestness, by the counsel for the appellant, that the verdict is not authorized by the evidence. After a thorough examination of the evidence, and mature consideration thereof, we are of opinion this position is not tenable.

While it is true this is a civil action, and it was unnecessary that the appellant's proof should establish the liability of the appellee with the same degree of certainty required in criminal cases, as is held in *Webster* v. *The People*, 14 Ill. 367, *Wells* v. *Head*, 17 id. 205, and in other cases decided by this court, yet it is brought under a penal statute, and, before a party is allowed to recover in such case, he must bring himself clearly within the provisions of the statute. *Edwards* v. *Hill*, 11 Ill. 23 ; *Erlinger* v. *Boneau*, 51 id. 95. And there is nothing in the opinion filed, when this case was here before, inconsistent with this rule.

With regard to granting new trials because of the insufficiency of the evidence to sustain the verdict, we are aware of no ruling by this court, and are unable to perceive why there should be any, holding otherwise, in cases like the present, than is held in all civil cases, namely : that the court will not disturb a verdict merely because if the question of fact had, in the first instance, been submitted to it instead of to the jury, it would have come to a different conclusion from that reached by the jury, and that, to authorize the interference of the court in this respect, the evidence must clearly and palpably preponderate against the verdict.

The evidence must, of course, be considered with reference to the issues before the jury; but only when it is evident, at first blush, that the conclusion of the jury with reference to those issues is unauthorized by the evidence, is it the duty of the court to set the verdict aside.

There was but one witness whose evidence was heard in reference to what transpired when the license was issued, and that was appellee. His testimony is distinct and positive that he had no previous knowledge of the age of appellant's daughter; that application was made to him for a license by Emory S. Haradon, authorizing the marriage of said Haradon and Ophelia Gilbert, appellant's daughter; that he first personally examined said Haradon, under oath, touching his age and that of appellant's daughter Ophelia, and that he testified that he was 21 years of age and over, and that she was 18 years of age and over, and that he accepted this evidence as satisfactory proof of their respective ages.

We do not consider the fact stated by appellee, that he also took an affidavit of Haradon, at the same time, stating the same thing, for his own protection, as weakening the effect of his other evidence. This would serve as a memorandum, tending to recall the particulars of what he did, to his mind, and might be useful, if the party subsequently denied testifying to the facts, to contradict him; nor, in our opinion, does the subsequent cross-examination of appellee with regard to the affidavit, and with regard to his habits in other cases, necessarily impeach his evidence given in his direct examination. It is not sufficient that such a construction might reasonably be given it. Unless it must *necessarily* be given it, it follows that it can not be said the jury were clearly wrong in construing it as they did.

Assuming that appellee's cross-examination does not impair his direct evidence, his defense is made out to the extent considered essential in our previous decision. No other witness was sworn and examined. It was stipulated what appellant would, if present, testify to, and it was agreed that

should be taken as evidence, but it is, in no respect, contradictory of the evidence given by appellee.

Appellant offered in evidence a bill for divorce, summons and decree, in the case of Ophelia Haradon against Emory S. Haradon, of a date subsequent to their marriage. This was properly rejected by the court. It did not have the slightest tendency to prove that appellee knew appellant's daughter was under age when he issued the license; that he was not applied to for a license; that he did not personally examine Haradon, under oath, touching their ages, before issuing the license, or that he, in any respect, acted in bad faith in issuing the license. What appellant's motives, in prosecuting the suit, were, was unimportant. The law allowed that he should prosecute it, irrespective of his motives, and the jury had no right to inquire into them.

The second instruction given at the instance of appellee was improper. It tells the jury that "it is incumbent on the plaintiff to make out his case, so far as he has the affirmative, by a preponderance of testimony," etc., without telling them in what respect he has the affirmative. Whether the plaintiff or defendant has the affirmative on a particular issue, is a question of law for the court, and not one of fact for the jury, and it is not proper that it should be left for them to determine whether the plaintiff or defendant has the affirmative, or to what extent it is incumbent on either to have the preponderance of evidence; but we are of opinion this error was not such as to control the verdict in the present case, and that the result would have been precisely the same had the instruction been refused.

Our conclusion is, the judgment is substantially right, and it will therefore be affirmed.

*Judgment affirmed.*