JAMES D. RAFFERTY ET AL., Respondents, *v.* MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

### June 10, 1884.

1. DAMAGES.— The damages for the death of a child by the negligence of another, is fixed by statute at $5,000.

2. —— ERRONEOUS VERDICT. — A verdict, in disregard of the court's instructions for $2,500, will not support a judgment in such a case.

3. —— PRACTICE — NEW TRIAL — ARREST OF JUDGMENT.— A judgment for $2,500, on such a state of facts, will be arrested on motion of the defendant.

APPEAL from the St. Louis Circuit Court, LUBKE, J. *Reversed and remanded.*

BENNETT PIKE, for the appellant.

R. CRAWFORD, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This was an action by husband and wife against a railroad corporation for damages for the death of the minor

child of plaintiffs, occasioned by the negligence of defendant's servants. The answer was a general denial, and an affirmative defence of contributory negligence.

The testimony tended to show that plaintiffs, at the time of the accident, lived on South Third Street, in St. Louis, between Convent Street and Chouteau Avenue. The deceased was a boy of eleven years and a half old at the time of the accident, and resided with his parents. On the 19th of October, 1881, the boy left the house in the morning, and was brought back a corpse in about an hour and a half. On the Levee, about two blocks from the residence of plaintiffs, are four parallel tracks of defendant's road. A box car was standing on one of these tracks, and deceased had climbed on to the top of this car, and was standing close to the edge of it, looking east, when a train of box cars on the same track, pushed by a locomotive in charge of defendant's servants, approaching from the north, struck the car on which deceased was standing.

The shock threw him off the car, and he fell between the car on which he had been standing and the car which struck it.

Two wheels of the latter car passed over him, and he died in a few minutes after he was taken out from under this car. No bell was being sounded on the approaching train, nor was there any brakeman upon the train. The train was stopped by a man upon an adjoining track who was engaged in unloading a flat car. He saw the boy fall, and had time to jump on to the moving train and set the brakes so as to stop the train before the northern wheels of the car that ran over the boy touched his body. The eye-witnesses to the accident were this man and two wagon drivers. None of them observed the approaching train until they heard the stroke of the meeting of the cars. It is evident that the train which was shoved against the stationary car was moving slowly. The evidence is indefinite as to the length of the moving train. It consisted of several box cars. One

witness speaks of six. The two drivers who saw the accident were opposite the point of collision at the time, and on the other tracks. Plaintiff introduced ordinance of the city of St. Louis, No. 11,668, to the effect that, when any car propelled by steam power is moving within the city limits, the bell of the engine shall be kept constantly ringing, and if any cars are backed, a man shall be stationed at the end of the car furthermost from the engine, and no freight train shall be moved without experienced brakemen at their posts to see danger signals ; and making the violations of these provisions a misdemeanor.

Defendants objected to the introduction of this ordinance. Defendant also objected to the introduction of any evidence, on the ground that the petition states no cause of action. At the close of plaintiff's case, defendant demurred to the evidence. This instruction was refused. Defendant asked no further instruction. The cause was given to the jury with a series of instructions asked by plaintiff. The jury found for the plaintiff and assessed his damages at $2,500, and there was judgment accordingly.

After the verdict was received, defendant moved for judgment for defendant upon the verdict, and plaintiff moved that judgment upon the verdict be entered for $5,000. The motion of defendant was overruled. Plaintiffs withdrew their motion, and moved for judgment in accordance with the verdict ; which motion was sustained.

Under the provision of the damage act, plaintiffs were entitled to recover the sum of $5,000 or nothing ; and so the jury was correctly and plainly instructed by the court. Nevertheless, the jury, disregarding the law of the case as given to them by the court, and treating the action as if it had been one falling under section 2123, and not under section 2121, of the damage act, under some theory, as we must suppose, of regarding mitigating circumstances, and allowing the negligence of deceased to go in reduction of damages, chose to take the matter into their own hands

and to substitute their own arbitrary notions of rough justice for the directions of the judge as to the law which it was their sworn duty to obey. This is the very definition of a perverse verdict. *Hawkins* v. *Alder*, 18 C. B. 640. And where such a verdict is rendered, we think that it is the duty of the trial court to grant a new trial, unless it plainly appears that a new trial could not benefit the losing party, and that he has sustained no injury by the erroneous verdict.

Even in cases where it is the peculiar province of the jury to determine the amount of damages, and where exemplary damages may be awarded, the courts will set aside a verdict where it is at first blush flagrantly excessive. This is done upon the ground that such a verdict indicates passion, prejudice, a complete misconception of their duty, on the part of the jury, or some perversion of judgment. But where the law fixes the damages, and the jury disregard the law, and give a verdict for one-half the legal sum, there can be no question, that there has been prejudice and a complete disregard of their duty on the part of the jury. In undertaking to fix the damages in such a case, the jury exceed their jurisdiction, and are guilty of a violation of law not less gross than if they attempted in a criminal case to assess a punishment greater or less than that limited by statute.

Section 2121 creates a new cause of action. It is penal in its nature ; and it is right that the carriers and corporations named in it, and against whom a heavy penalty is assessed, which goes to the surviving relatives, in each case of a death caused by the negligence of their servants, should have whatever benefit they may derive under the statute from the size and fixity of the sum named as damages. If the statute gave a right to recover any sum not to exceed $5,000, perhaps this would be the occasion, now and then, of compromise verdicts, in which a hesitating juror, who

would never agree to a verdict for $5,000, would yield, and find for a smaller sum.   Had the jury, in the present case, been erroneously instructed to find such amount as they should think just, not to exceed $5,000, having regard to the injury to the plaintiffs, and the circumstances of the case, the verdict must have been set aside.   It would have been futile to contend that the appellant was not prejudiced because the error was one in his favor.   Before the recent change in the statute, it used to be contended by counsel for those indicted for murder, that, where the evidence warranted only a conviction for murder in the first degree, it was error prejudicial to the prisoner to instruct for a lower grade of homicide ; and the courts so held, well knowing that juries, when put to the alternative of assessing the punishment of death or acquitting the prisoner, would find for defendant in some cases in which they might convict were it not a question of life and death; and so, in a civil case, where there is any room for doubt upon the evidence, a jury, if held to the heavy damages fixed by the statute, might perhaps fail to agree, or find for defendant in a case where otherwise they might bring in a compromise verdict. · It can not be said that the testimony is, in the present case, of such a character that the jury could not, without a plain violation of duty, have refused to find for defendant, and, this being so, it can not be plain that defendant was not prejudiced by their disregard of the law of the case ; and it seems entirely immaterial, so far as the interests of appellant are concerned, whether they went wrong with their eyes open, knowing and disregarding the law, or whether their erroneous finding as to damages arose from misdirection of the court.

The general rule is, that a new trial should be granted if the verdict is contrary to law, especially where the jury in a civil case disregards the instructions, and that, where there has been error or irregularity, it is to be presumed

that it has injuriously affected the losing party, unless there is sufficient in the record to rebut the presumption; and, by injury, we mean effect upon the result without regard to what the court may think of the merits of the case.

The illegality of the verdict in the present case ought to be held fatal to its validity for the reasons stated. But, independently of that, it does not appear how it could support any judgment. In unlawful detainer, for instance, it is held that a verdict that the premises were detained, will authorize no judgment, where it does not also expressly find that the premises were detained by force; because, in ordinary cases of peaceful detainer, the remedy is eject-ment. Such a defective verdict will support no judgment, and there must be a new trial. Gould's Pleading, 526; *Boxley* v. *Collins*, 4 Blackf. 320. How then can a verdict which is not only defective, but such a verdict as the jury is by law forbidden to render, support a judgment? It is only by force of the statute that the surviving relatives have their action, or any civil remedy, for the death of the vic-tim of the accident. The statute which gives the remedy prescribes that the damages shall be $5,000, no more and no less. The verdict certainly will not support a judgment for defendant; and it is difficult to see what warrant can be found in the pleadings, evidence, and verdict for a judgment which no court in Missouri is authorized to enter upon any finding of injuries sustained under the provisions of the section of the damage act under which this suit was brought and this recovery had.

We have found no case precisely in point; perhaps because no such erroneous verdict has ever been allowed to stand, and no judgment has ever been entered upon such a verdict where a motion in arrest was filed. In *Hawkins* v. *Aeder* (*supra*), it is evident, from what is said by the court, that a verdict for half the proper amount would have been set aside on defendant's appeal, had the court been satisfied

that the jury, in arriving at that result, had disregarded the directions of the court, or that the verdict was in truth a perverse verdict, in disregard of the evidence and of the law as given by the court.

We think it unnecessary to discuss other points presented by the record. For the reasons given, the judgment is reversed and the cause remanded. All the judges concur.