ANTOINETTE E. MUNGER, Respondent, v. THE CITY OF SEDALIA, Appellant.

66   629
139m303
66   629
91   375

Kansas City Court of Appeals, May 18, 1896.

1. **Negligence:** HUSBAND AND WIFE: CONTRIBUTORY NEGLIGENCE OF HUSBAND. Where a husband and wife are riding in a buggy over the streets of a city to church and the wife is injured by reason of a sand pile in the street, the city can not set up the negligence of the husband in driving as a defense to the wife's action for injury.

2. **Municipal Corporations:** COST FOR PERSONAL INJURY CASES. The defendant is liable for the costs in this action, following *Hill v. Sedalia,* 64 Mo. App. 494.

*Appeal from the Pettis Circuit Court.*—Hon. RICHARD
FIELD, Judge.

AFFIRMED.

*E. J. Smith* for appellant.

(1) It was error to strike out the part of the answer
and also to give the sixth instruction for plaintiff and
refuse the sixth for defendant, thereby holding that
under the circumstances the negligence of the husband
was not imputable to the plaintiff—wife. Beach on
Contributory Negligence [2 Ed.], sec. 109, and note;
*Hicks v. Railroad,* 124 Mo. 115; *Yohn v. Ottumwa,* 60
Iowa, 429; *Carlisle v. Town of Sheldon,* 38 Vt. 440 or
444; *Beck v. Railroad,* 50 Conn. 379, 392; *Huntoon
and Wife v. Trumbull,* 12 Fed. Rep. 844, U. S. C. C.,
W. Dist. Mo.; s. c., 2 McCrary, 314; *Railroad v.
Greenlee,* 8 S. W. Rep. 129; Supreme Court of Texas,
opinion filed April 20, 1888; 4 Am. and Eng. Encyclo-
pedia of Law, pp. 82, 83, 84; *Morris, Adm'r, v. Rail-
road,* 26 Fed. Rep. 22; U. S. C. C., N. Dist. Iowa.
(2) The court should have taxed all costs against the
plaintiff and this court should, even if the judgment
be otherwise affirmed, tax all costs against her. Sec.
104 of the charter; Acts, 1893, p. 89; *Hill v. Sedalia,*
64 Mo. App. 494.

*Charles E. Yeater* for respondent.

(1) Although the driver of the vehicle, the hus-
band of the plaintiff, may have been negligent, still
the plaintiff can not be charged with such negligence,
because a husband in driving his wife to church in his
vehicle is neither her employee, nor is he subject to
her control, nor is he her agent. *Dickerson v. Railroad,*

104 Mo. 504; *Becke v. Railroad*, 102 Mo. 548; *Winters v. Railroad*, 99 Mo. 519; *Platz v. City of Cohoes*, 24 Hun, 101; Bishop on Noncontract Law, sec. 1070; *Little v. Hackett*, 116 U. S. 366; s. c., 29 Co-Op. 652; *Robison v. Railroad*, 66 N. Y. 11; *Sheffield v. Telephone Co.*, 36 Fed. Rep. 164. (2) The ruling of the court below in refusing to tax the costs against the plaintiff was correct. *Hill v. Sedalia*, 64 Mo. App. 494.

ELLISON, J.—This is an action for damages, in which plaintiff recovered in the trial court.

The petition charged that while plaintiff was riding in a buggy driven by her husband, along one of defendant's streets, in the nighttime, the buggy was overturned by being driven upon a pile of sand which the defendant city had negligently permitted to be in the street; that in consequence of such overturning of the buggy the plaintiff was seriously and permanently injured.

The answer pleaded contributory negligence, by alleging that plaintiff was injured through the negligence of herself and her husband, with whom she was riding. There was a motion made to strike out of the answer the allegation as to the negligence of the husband. The court sustained the motion. Defendant likewise presented the question of plaintiff's responsibility for the negligence of her husband, in instructions, and we will therefore consider the question without reference to when presented to the trial court— whether by motion to strike out, or by the instruction.

Our conclusion is that the negligence of the husband is not imputable to the wife, when nothing appears to show that the husband was acting as the agent of the wife in driving the buggy. In this case the plaintiff and her husband were driving to church, and their relationship in that act involved nothing more than the

social and domestic relation which existed merely because they were husband and wife. He was not under her direction or control; nor was he engaged in any matter for her whereby his act was her act. The old doctrine in England, still recognized in some parts of this country, which so connected the driver and passenger by a sort of identification, has not been accepted generally. *Little v. Hackett*, 116 U. S. 366; Bishop on Noncontract Law, sec. 1070. It has not been accepted in this state. *Becke v. Railroad*, 102 Mo. 548. While those cases are not like the one under consideration, they nevertheless involve the same principle, for, as before stated, there is nothing in the relation of husband and wife to cause them to fall without the rule laid down in those cases. We have no doubt that where two persons, from social considerations, by mutual assent accompany one another in a vehicle, the sole negligence of the driver will not attach to the other, so as to prevent that other from maintaining an action against a third party for his negligence in causing an injury. There can be no recovery against the party doing the injury unless he has been guilty of culpable negligence. When guilty of negligence, he must respond in damages to the party injured, unless he can excuse himself by showing the contributory negligence of the party injured, or of some other party with whom the injured party is so connected as to be responsible for his acts. Such connection and responsibility do not exist from the mere marital relation. In *Town of Knightstown v. Musgrove*, 116 Ind. 124, it is said: "Where one accepts the invitation of another to ride in his carriage, thereby becoming in effect his comparatively passive guest, without any authority to direct or control the conduct or movements of the driver, or without reason to suspect his prudence or competency to drive in a careful and skillful manner,

there is no reason why the want of care of the latter should be imputed to the former, so as to deprive him of the right to compensation from one whose neglect of duty has resulted in his injury." To the same effect is *City of Michigan v. Boeckling*, 122 Ind. 39. And the principle was applied to a case where the husband was driving the wife. *Railroad v. Creek*, 130 Ind. 139.

In recognition of section 104, of charters of cities of the third class, plaintiff's claim for damages on account of her injury was presented to the city council, and defendant complains that the costs should have been taxed against plaintiff under that statute. The facts relating to the matter are substantially as those in *Hill v. Sedalia*, 64 Mo. App. 494, and we therefore hold, in keeping with that decision, that the costs were properly taxed against the defendant.

Judgment affirmed. All concur.