GRACE E. MARSH, Respondent, v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 4, 1904.

1. JURISDICTION: Courts of Appeal: Amount in Dispute. When the plaintiff sues for the sum of $4,500 under section 2864, Revised Statutes 1899, which allows a recovery of a stated sum of $5,000, and the defendant denies liability therefor, the amount in dispute is $4,500 and on appeal the court of appeals and not the Supreme Court has jurisdiction.

2. Statutory Construction: Penal Statutes: Remedial Compensation. A penal action can not be for less than the penalty given by the statutes, but section 2864, Revised Statutes 1899, is remedial and compensatory as well as penal, and serves as compensation and as a protection against repetition of like wrongs.

3. ——: ——: ——: Action. When a statute blends a penalty with the measure of damages to the injured party as one claim fixed at a stated amount (in this instance of $5,000), and confers upon such party the right to recover the full sum,

it leaves such party in control of the action, and he may accept or sue for whatever sum he chooses within the amount fixed by the statutes.

4. **Contributory Negligence: Driver: Principal and Agent: Vehicle Passenger.** The negligence of a driver can not be imputed to a passenger in the vehicle unless the driver is the agent or representative of the passenger; and in this case there is no such intimation.

5. ———: ———: ———: ———. If a person riding in a vehicle knows the driver is negligent, and takes no precaution to guard against injury, he can not recover for in such case the negligence is his own and not simply that of the driver, and he can not rightfully omit to use care in blind dependence upon another; and the evidence fails to show plaintiff was guilty of contributory negligence.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore, Cyrus Crane, O. H. Hoss* for appellant.

(1) The demurrer to the evidence should have been sustained (a) because the alleged failure to give the signals was not the cause of the accident; (b) deceased's own negligence precluded a recovery. Harlan v. Railway, 64 Mo. 480; Fletcher v. Railway, 64 Mo. 484; Harlan v. Railway, 65 Mo. 22; Zimmerman v. Railway, 71 Mo. 490; Heinz v. Railway, 71 Mo. 636; Purl v. Railway, 72 Mo. 168; Turner v. Railway, 74 Mo. 602-606; Hixson v. Railway, 80 Mo. 335-340; Fox v. Railway, 85 Mo. 679; Kelly v. Railway, 88 Mo. 534-548; Stepp v. Railway, 85 Mo. 229-234; Baker v. Railway, 122 Mo. 533-543; Hayden v. Railway, 124 Mo. 566-573; Weller v. Railway, 120 Mo. 635-653; Kelsay v. Railway, 129 Mo. 362; Loring v. Railway, 128 Mo. 349-359; Huggart v. Railway, 134 Mo. 673-679; Lane v. Railway, 132 Mo. 4; Payne v. Railway, 136 Mo. 562; Hook v. Railway, 162 Mo. 569; Tanner v. Railway, 161 Mo. 572.    (2)

The rules laid down in the foregoing cases are not relaxed because Marsh was not driving the team. Beach on Contributory Negligence (3 Ed.), sec. 115a; Elliot on Railroads, vol. 3, sec. 1174; Dean v. Railway, 6 L. R. A. (Pa.) 143; Township v. Anderson, 114 Pa. St. 643; s. c., 8 Atl. 379; Brickell v. Railroad, 120 N. Y. 290; Smith v. Railroad, 32 Atl. (Maine) 967; Miller v. Railroad, 27 N. E. (Ind.) 339; Smith v. Railroad, 38 Hun 33; Aurelius v. Railroad, 49 N. E. (Ind.) 857; Griffith v. Railway, 44 Fed. 574-580; Railroad v. Boyts, 45 N. E. (Ind.) 812.

*J. I. Shepherd* and *Scott & Bowker* for respondent.

(1) The court did not err in refusing to sustain appellant's demurrer to respondent's evidence, for under the testimony it was a case for the jury. Weller v. Railroad, 164 Mo. 180; Donahue v. Railroad, 91 Mo. 357; Huxhold v. Railroad, 90 Mo. 548; Kelley v. Railroad, 88 Mo. 534; Johnson v. Railroad, 77 Mo. 546. (2) The presumption of due care always obtains in favor of plaintiff in an action to recover damages for an injury sustained by him through the alleged negligence of another. Weller v. Railroad, 164 Mo. 180; Crumpley v. Railroad, 111 Mo. 152; Bluedorn v. Railroad, 108 Mo. 439; Petty v. Railroad, 88 Mo. 306; Busching v. Gas Light Co., 73 Mo. 219. (3) Deceased had a right under the law to assume that the railway company would perform its duty in regard to giving the statutory signals as it approached the crossing in question. Weller v. Railroad, 164 Mo. 180; Jennings v. Railroad, 112 Mo. 490; Crumpley v. Railroad, 111 Mo. 152. (4) Before the court can declare as a matter of law that the deceased was guilty of contributory negligence the evidence must be substantially one way and not such that reasonable minds might differ with respect thereto. Weller v. Railroad, 164 Mo. 180. (3) Although the driver of the vehicle in which the deceased was riding should be held to be

guilty of negligence in approaching the crossing in question as he did, his negligence could not be imputed to the deceased, unless said driver was the agent of or under the control of the deceased. Proffit v. Railroad, 91 Mo. App. 369; Dickson v. Railroad, 104 Mo. 491; Beck v. Railroad, 102 Mo. 544; Munger v. Sedalia, 66 Mo. App. 629; Lapsley v. Railroad, 16 L. R. A. 800; Howe v. Railroad, 30 L. R. A. 684.

ELLISON, J.—Plaintiff is the widow of G. W. Marsh who was killed by one of defendant's trains in the village of Hume. She recovered judgment for forty-five hundred dollars and defendant appealed to this court.

The deceased with Willis Harrold and two others, all in Harrold's wagon, had driven into the town to do some shopping. In returning, Harrold and one of the others were on the front seat, Harrold driving, while the deceased and the other man were sitting in the rear on the bottom of the wagon bed. The evidence tended to show that defendant's road runs from north to south through the town and that in approaching the track along the street from the direction these parties were travelling neither the track to the south nor trains thereon could be seen, on account of buildings and other obstructions, at but one place between the business portion of the town and a point between six and twenty feet from the track. That point was two blocks away and then the view was of only a small part of the track. The street along which they drove was smooth so that the wagon did not make sufficient noise to prevent them hearing any signal which an approaching train might make. From the point where they had a view of the track to the south they drove slowly down to within a few feet of the track where they intended to stop and again look for a train. But just as they arrived at that place a fast moving train came from behind the buildings which frightened the horses so that they leaped for-

ward across the track, throwing the deceased out where he was immediately struck and killed by the engine, the team and other occupants of the wagon escaping.

1. An important point is raised by the defendant as to the jurisdiction of this court to entertain the appeal. The point is based on the statute (Revised Statutes 1899, sec. 2864), fixing the sum of $5,000 as the liability which a defendant must forfeit and pay in a case of this kind. That that being the fixed sum in such case, and that being a sum in excess of our jurisdiction, the appellate jurisdiction is with the Supreme Court.

As has been stated, the amount sued for and recovered was $4,500 and the trial court instructed the jury that if they found for the plaintiff they must find that sum. The same point was made by motion in this court to transfer to the Supreme Court, and with a view of having the question finally determined, we sustained that motion. When the case was received in the Supreme Court plaintiff filed her motion to transfer back to this court, on the ground that this and not that court had jurisdiction. That motion was sustained and the case returned to us. Unfortunately that court did not express its views in an opinion, but we must accept its action on plaintiff's motion as a determination that it had no jurisdiction of the case. Indeed, it is clear that that court could not have determined otherwise. That court has jurisdiction of money demands only "where the amount in dispute, exclusive of costs, exceeds the sum" of forty-five hundred dollars. In sums of forty-five hundred dollars or less the jurisdiction is with this court. The "amount in dispute" in this case is $4,500. For that is the sum plaintiff asserts she has been damaged and which she claims defendant is liable for and for which she asks judgment; and that is the sum for which defendant denies a liability. Plainly, the only "dispute" between the parties as to amount is over the sum of $4,500. Defendant contends that if plaintiff has

any right to a judgment it can only be for the stated sum of $5,000 named in the statute, and that therefore the amount in dispute must be $5,000. But this contention involves the remarkable necessity of forcing plaintiff into a "dispute" which she specially disclaims.

In our view the point which defendant seeks to make has nothing to do with the intention of jurisdiction. The point simply involves the right of plaintiff to recover at all on a statute naming a fixed sum as the amount to which she is entitled, when she asks a recovery for a less sum. That is, can a plaintiff seeking a judgment under a statute which creates the cause of action and names a fixed sum as the liability, ask for and recover a less sum? Defendant claims that the sum fixed is a penalty and that in suits on penal statutes the petition must be based on the statute as it reads and that the recovery must either be for the sum fixed (no more, no less) or not at all.

In civil actions for what is known as strictly a penalty and based on a strictly penal statute·that is the rule. Duffy v. Averitt, 5 Ired. (N. C. Law) 455; Dowd v. Seawell, 3 Dev. (N. C. Law) 185. In the case last cited it was held that the precise penalty must be demanded. The court states in the decision in Cunningham v. Bennett (1 Geo. 1 C. B.) "that a penal action could not be for less than the penalty given by the statute; and though the plaintiff had a verdict, judgment was arrested. I conclude, therefore, that wherever a statute gives a certain sum *in numero*, that exact sum must be demanded; else it can not be taken to be the penalty given by that statute." Such penalties are those which are forfeited to the State in whole or in part and are collected in the name of the State, or an informer authorized by the State.

But the statute on which this action is based is not strictly a penal statute. It is undoubtedly remedial and compensatory, as well as penal. It subserves a double purpose: "first, compensation and, second, as a penalty,

to protect the public against repetition of like wrongs."
King v. Railway, 98 Mo. 235; Philpott v. Railway, 85
Mo. 164. And when it is not strictly a penal statute,
it is not absolutely necessary that the individual who
falls under the relief of its provisions should demand
the whole sum allowed him. He must, it is true, found
his petition on the statute, but he is not compelled to
demand all the statute enables him to seek if he is will-
ing to receive less.

It is true that it was remarked in Proctor v. Rail-
way, 64 Mo. 112, 122, that the damages to be recovered
under the statute in question were $5,000, "no more and
no less." But manifestly the court, in using that lan-
guage, was merely meaning to say that the sum recover-
able was a fixed and definite sum, leaving the jury no
discretion as to amount when it was demanded. A dis-
cretion the jury would have were the action under. an-
other statute. There was no intention to say, and it was
not said, that the party entitled to that sum could not
sue for nor accept less. Defendant also cites us to Raf-
ferty v. Railway, 15 Mo. App. 559. But that case in
no way involves the question presented in the one at
bar. That case involved the return of a verdict for a
less sum than that demanded and which the court stated
should be found if there was a finding for plaintiff at
all. That verdict was unasked and was at first repu-
diated by the plaintiff. The question whether a plain-
tiff could sue for and accept less than the sum fixed by
the statute was not mentioned and, perhaps, was not
thought of in the consideration of the case.

That this is not strictly a penal statute is made
manifest by some observations on what a penal statute
is understood to be; as well as the consequences which
would flow from such construction. Penal statutes "are
those imposing punishment for an offense committed
against the State and which by the English and Ameri-
can constitutions, the executive of the State has the
power to pardon." And the suit for such penalty,

whether civil or criminal, must be in favor of and for the State. Huntington v. Atterill, 146 U. S. 657.

If the action was for a penalty, in the strict sense, it would be local and could not be maintained in the courts of any other State; for it is a fundamental rule of law that the courts of one sovereignty will not enforce the penal laws of another sovereignty. Yet, we know the courts of one State do entertain suits, by the proper parties, for death claims arising under stautes like the one under consideration. Dennick v. Railway, 103 U. S. 11. And we further know that it is the common practice for suits under such statutes to be removed from a State to a Federal court when the citizenship of the litigants meet the proper requirement; a practice which is not allowed in actions for a penalty forfeited to the State. And so a new trial may be granted though the verdict be for the defendant.

The statute of Illinois fixed a penalty of $300 in favor of parents for issuing a marriage license to minor without consent of such parent, 64 Ill. 518, yet it was held that a new trial could be had on motion of plaintiff on the same ground as in ordinary civil actions. Gilbert v. Brown, 79 Ill. 341.

The statute of this State provided that if one sold liquor to an infant the parent could recover a stated sum of fifty dollars, yet this was held not to be strictly penal, but essentially a civil action for damages fixed by the statute, and a bond for costs need not be filed with the petition as would have been necessary if it had been penal. Edwards v. Brown, 67 Mo. 377.

So, there are a number of statutes where, as here, a part of the fixed sum in which the offending party is mulcted is in the interest of the public and wholly outside and beyond the matter of compensation to the party injured, yet when the exclusive right to set the law in motion for the wrong is given to the injured party and the whole sum is his, the statute is not a penal statute in the sense of an offense against the State. It is essen-

tially a remedial statute, under the terms of which the injured party may, at his election, recover all or any part of what may be allowed him. Among such statutes are those allowing double damages against railways when an injury is done to stock at a point where the track was required to be fenced. Hume v. Railway, 115 U. S. 512. And where double damages are given against a town for an injury on defective walks. Read v. Chemsford, 16 Pick. 128; Reed v. Northfield, 13 Pick. 94. And where double and treble damages are given for specific trespasses. Blewett v. Smith, 74 Mo. 404. In each of these the penalty becomes a fixed sum under the statute the moment the actual damage is ascertained, and yet no one would think that the injured party must demand it all, or else lose all.

In such instances the whole sum is the plaintiff's and it is termed accumulative damages. They bear a likeness to the point we are now considering in this statute. They put a punishment on the defendant in the interest of the public in addition to compensating the injured party. An interesting collection of instances in which a specified sum is forfeited to the injured party to be collected by him at his private suit is set out in Humes v. Railway, 82 Mo. 228-229. They well serve to show the consequences of adopting defendant's theory of this case. This statute giving a fixed sum, is partly in the interest of the public though the whole sum goes to the person supposed to have been damaged by the wrongful act. The damages, in this sense, are accumulative and the statute allowing such party to recover the whole sum, like those in the cases just referred to, is a remedial statute.

A penalty in a fixed sum does not necessarily mean that no other less sum can be recovered. If the penalty is a fixed sum of money, or other stated punishment as an expiration due the State, that specific sum, or that other punishment must be demanded at the suit of the State, for no one is authorized by the State to accept

less.    But if. it be a penalty given to an injured party in addition to his damages, it must be intended that it is within his election to exact it all or a part of it, or none at all.    So it has been held that a penalty going to the party aggrieved could be compromised by him. Anonymous, Loffts, 155.

If the purpose of the law is solely to punish an offense against the law it is penal in the sense that the sum fixed must be exacted, but if it is to advance a private remedy it is not.    And when the purpose is (as in this case) to advance a private right or remedy and there is added thereto a penalty for the individual who has been injured, it is a mere incident to the main right.

So, therefore, we conclude the following to be a proper statement of the law on the head here considered, that is to say:    That when the statute blends a penalty with the measure of damages to the injured party as one claim fixed at a stated amount, and confers upon such party the right to recover the *full* sum, it leaves such party in control of the action and he may accept or sue for whatever sum he chooses within the amount fixed by the statute.

2.    Abiding by the verdict of the jury we must consider that the defendant's servants neither rang the bell nor sounded the whistle in approaching the crossing where the accident happened.    That fact made the defendant guilty of negligence for which it must respond in damages unless it is excused by some negligence of deceased contributing thereto.    It is settled that the negligence of Harrold, who was driving the wagon, can not be imputed to the deceased.    Becke v. Railway, 102 Mo. 544; Dickson v. Railway, 104 Mo. 491, 504; unless he was the agent or representative of plaintiff of which there is no pretense, since he was merely in company with the driver, being invited by him.    Munger v. City of Sedalia, 66 Mo. App. 629.    There is no pretense of any identity between the two, or responsibility of the one for the other.    Profit v. Railway, 91 Mo. App. 369.

But notwithstanding this, it is said: "that if the negligence of the occupant contributes with that of the driver and a third person there can be no recovery against the latter." Beach on Contributory Negligence, sec. 115. In discussing the same subject, Elliott on Railroads, vol. 3, sec. 1174, says: "If the person riding in the vehicle knows that the driver is negligent, and he takes no precautions to guard against injury, he can not recover, for in such case the negligence is his own and not simply that of the driver. The plaintiff can not rightfully omit to use care in blind dependence upon another, but must use care proportionate to the danger of which the facts convey knowledge." And the same rule has been frequently announced in the adjudication of cases involving the question direct. Township v. Anderson, 114 Pa. St. 643; Brickell v. Railway, 120 N. Y. 290; Griffith v. Railway, 44 Fed. Rep. 574; Dean v. Railway, 129 Pa. St. 514; Smith v. Railway, 87 Maine 339; Miller v. Railway, 128 Ind. 97.

And defendant earnestly insists that the evidence disclosed that the deceased was guilty of great negligence in not looking out for himself. That such evidence is so clear and undisputed as to have demanded a declaration, as a matter of law, that plaintiff could not recover.

We have gone carefully over the evidence in this respect and defendant's argument thereon, and find that its contention is without reasonable support. Indeed, the circumstances considered, we fail to find anything justly tending to support the charge of negligence against deceased. There was nothing to show that he had any reason to distrust the care and prudence of Harrold as a driver. He was not with him in the driver's seat, but, as before stated, was in the rear seated on the bottom of the wagon bed. It is not reasonable to expect that he should have the same care of the team that the driver had, or that he should observe every act of the driver, whether of commission or omis-

sion. There may be instances in which the relation of the parties and their immediate situation at the time of an accident, would render a party injured as cul-pable as the driver himself. Defendant has cited some such in his brief. But we do not regard this as one of that character. But be that as it may, the question of deceased being guilty of contributory negligence was submitted to the jury and we have the verdict in response thereto. Some portions of the instructions offered by defendant were proper enough, but they were coupled with other matter which rendered them incorrect and they were properly refused.

We are satisfied with the result in the trial court and affirm the judgment. All concur.