J. L. AGNEW, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 3, 1907.

1. STREET RAILROADS: Negligence: Teamster's Assistant: Evidence. An ordinary helper to a teamster is not required to keep constant watch to see that he acts prudently, in the absence of reason to believe that he was not a careful driver; but if he should observe that the driver was not taking reasonable precautions of safety it would be his duty to so remind the driver or look out for himself; and the evidence shows the assistant was not guilty of contributory negligence and the case was properly sent to the jury since the defendant's evidence would support a verdict for the plaintiff.

2. DAMAGES: Personal Injury: Excessive Verdict: Remittitur. A judgment after remittitur is held not to be excessive.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*John H. Lucas* and *Frank G. Johnson* for appellant.

(1)  Plaintiff was clearly guilty of contributory negligence and the trial court should have taken the case away from the jury.  Griffith v. Railroad, 44 Fed. 580; Hoag v. Railroad, 111 N. Y. 199; Van Bush v. Railroad, 62 Kan. 709; Smith v. Railroad, 32 Atl. 967; Dean v. Railroad, 18 Atl. 718; Township of Crescent v. Anderson, 8 Atl. 379; Railroad v. McLeod, 29 So. 76; Dean v. Railroad, supra; Railroad v. Anderson, 8 Atl. 379.  (2)  The verdict of the jury was grossly excessive and the forced remittitur made by plaintiff did not cure the verdict.  Chitty v. Railroad, 148 Mo. 82; Doty v. Steinberg, 25 Mo. App. 328.

*J. G. Littick* and *Cowherd & Ingraham* for respondent.

(1)  There is no room in this case for the doctrine of contributory negligence.  Stotler v. Railroad, 200 Sup. 107, 98 S. W. 520; Peterson v. Transit Co., 97 S. W. 860; Sluder v. Transit Co., 189 Mo. 140; Baxter v. Transit Co., 103 Mo. App. 608; Keitle v. Railroad, 28 Mo. 663; Marsh v. Railroad, 104 Mo. App. 577; Fechley v. Traction Co., 119 Mo. App. 358; Campbell v. Railroad, 176 Mo. 174; Oats v. Railroad, 168 Mo. 544; Beier v. Railroad, 197 Mo. 215; Rectenwald v. Railroad, 97 S. W. 557; Cole v. Railroad, 97 S. W. 555; Peterson v. Transit Co., 97 S. W. 860; Latson v. Transit Co., 192 Mo. 499; Beier v. Transit Co., 197 Mo. 215; Schafstette v. Railroad, 175 Mo. 142; Biscuit Co. v. Transit Co., 108 Mo. App. 297; Kolb v. Transit Co., 102 Mo. App. 143; Kellney v. Railroad, 101 Mo. 67; Morgan v. Railroad, 169 Mo.

262; Jett v. Railroad, 178 Mo. 664; Sepetowski v. Transit Co., 102 Mo. App. 110; Linder v. Transit Co., 103 Mo. App. 574; Baxter v. Transit Co., 103 Mo. App. 597; Moore v. Transit Co., 92 S. W. 390. (3) Under the evidence in this case the verdict was not excessive.

ELLISON, J.—This is an action for personal injury in which the plaintiff prevailed in the trial court.

Plaintiff was assisting one Shuttleworth in moving some furniture and they were using a one-horse wagon. They had hauled one load and were returning for another and were crossing a bridge over which defendant's double track was laid, the bridge being some wider than to accommodate the two tracks, and also a footway on either side for pedestrians traveling the street. Shuttleworth was driving and plaintiff was sitting in the rear end with his feet hanging out and his back to the driver. The bridge was what was been termed as not laying with the compass and was in rather a diagonal shape. But the witnesses and parties have designated the sides of the bridge or tracks as east and west. Shuttleworth was driving west and the car which figures in the controversy, was traveling east; so that, they were going in opposite directions.

Defendant concedes that if Shuttleworth was guilty of contributory negligence it would not be imputable to the plaintiff. [Sluder v. Transit Co., 189 Mo. 107; Munger v. Sedalia, 66 Mo. App. 629; Profit v. Railway, 91 Mo. App. 369; Marsh v. Railway, 104 Mo. App. 577.] In two recent cases, one in the Supreme Court (Stotler v. Railway, — Mo. —, 98 S. W. 509), and one in the St. Louis Court of Appeals (Fechley v. Traction Co., 119 Mo. App. 358), the rule was again stated and approved. But defendant insists that while not contending for imputable negligence, that plaintiff himself was guilty of negligence; that if the negligence of plaintiff contributed with that of Shuttleworth there could be

no recovery. We considered a like question in Marsh
v. Railway, 104 Mo. App. 577, 587, a case not so strong
for the plaintiff as is the case at bar, and we concluded
that the occupant of the wagon with the driver was
not negligent. That was a case against a steam rail-
way where the plaintff was crossing a railway track.
While this case was on a narrow bridge in a street
where persons had a right to be. We do not consider
that there was any evidence in the cause which would
justify holding plaintiff guilty of contributory negli-
gence. It is altogether unreasonable to suppose that an
ordinary helper to a teamster should keep constant
watch upon him to see that he is acting prudently and
cautiously, in the absence of knowledge or reason to
believe that he was not a careful driver, or a prudent
man. If one in the vehicle with the driver should ob-
serve that he was not taking reasonable precautions of
safety then, of course, it would be his duty to remind
the driver, or to look out for himself.

In this case, the driver of the wagon went upon the
bridge, as he had a right to go. There is evidence tend-
ing to show that he had avoided another wagon, that
he was near the end of the bridge were he could be clear
of the approaching car and that he came near clearing
himself, as it was the rear part of the rear wheel that
was struck. We have read over the evidence of the
motorman himself testifying for the defendant, and
think the jury could well have based the verdict on
what he stated. The jury could readily believe that
he should have stopped the car, or have slowed down
as he did and not started up again. He stated that he
saw the wagon on the bridge one hundred and fifty or
two hundred feet away. That it was coming towards
him, got to the end of the bridge, "I slacked up and
when he came out to where it widens, as he went out
he was in the clear then and I had come to practically
a stop — I wasn't dead stopped — as he was out of

the clear I threw a few points on, after he started to turn his horse, but it was snowy and slick and that threw his wheel around and it caught on the corner of the fender of my car."

From this it will be seen that he thought it necessary to slow up or stop in order to avoid the collision, but that thinking the wagon would clear the track he started up and struck it, caused, as he states, by the wheel sliding down the rail or by the side of the rail. It is plain that he started his car up before the wheel was clear. [Peterson v. Transit Co., 199 Mo. 331, 97 S. W. 860; Rectenwald v. Railway, 97 S. W. 557; Cole v. Railway, 121 Mo. App. 605, 97 S. W. 555; Latson v. Transit Co., 192 Mo. 449; Beier v. Transit Co., 197 Mo. 215; Schafstette v. Railway, 175 Mo. 142.]

But the whole case was properly submitted to the jury in instructions. None for either side was refused. That for plaintiff presented the case in its entirety. It was therein submitted to the jury whether the motorman saw the position of the wagon in time to have stopped, and whether he knew that if he did not stop or slacken the speed that he would strike the wagon, and whether he negligently and carelessly failed to stop or slacken the speed and thereby collided with the wagon.

It is earnestly insisted that the judgment is excessive. The verdict was for five thousand dollars. The trial court required a remittitur of two thousand which being entered judgment was rendered for three thousand dollars. An examination of the evidence has not satisfied us that the trial court's discretion was not exercised in a proper way. We cannot say that he should have required a greater reduction and hence affirm the judgment. All concur.