GORMLEY et al., by next friend, Respondents, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, June 25, 1907.**

1. **NUNC PRO TUNC ENTRY: Bill of Exceptions: Extension of Time for Filing.** Where time for filing a bill of exceptions was granted .to the second day of a subsequent term of the court, the court, at any time during such subsequent term, could, by nunc pro tunc entry, supply the record of an order made on the first day of such term further extending the time, although there was no minute of such order at the time it was made.

2. **DAMAGES: Death Claim: Measure of Damages.** In an action by children for the death of their father brought under section 2864, Revised Statutes of 1899, an instruction which directed the jury if they found for plaintiff to render a verdict for $4500 was erroneous; the court could not authorize a recovery in an action under such section for a sum less than the penalty of $5,000.  (Following Casey v. Transit Company, 116 Mo. App. 335.)

Appeal from St. Charles Circuit Court.—*Hon. H. W. Johnson,* Judge.

REVERSED AND REMANDED.

*Boyle & Priest, George W. Easley* and *Edward T. Miller* for appellant.

(1)  The demurrer to the evidence should have been sustained.  The amended petition is founded upon section 2864, R. S. 1899, and fails to state a cause of action under that statute.  The remedy given by that statute is the recovery of a penalty of five thousand dol-

lars — no more, no less. This action is to recover forty-five hundred dollars. Section 2864 is a penal statute. The damages recoverable under it are liquidated, and the statute must be strictly construed, being penal, and because in derogation of common law. "That the stat-ute is in derogation of common law is obvious." Casey v. St. Louis Transit Company, and cases therein cited. 116 Mo. App. 235; 2 Lewis' Sutherland Stat. Con. (2 Ed.), sec. 713; Jackson v. Railroad, 87 Mo. 422; 8 Am. and Eng. Ency Law (2 Ed.), 859; "It is a penal statute, and is, therefore, to be construed strictly in so far as it fixes the measure of recovery." Proctor v. Railroad, 64 Mo. 131; Vawter v. Railroad, 84 Mo. 685; Philpott v. Railroad, 85 Mo. 164; Carroll v. Railroad, 88 Mo. 239; King v. Railroad, 98 Mo. 235; Becke v. Railroad, 102 Mo. 542; Oates v. Railroad, 102 Mo. 514; Lynch v. Railroad, 112 Mo. 440; Schlereth v. Railroad, 115 Mo. 102; Weller v. Railroad, 120 Mo. 654; Senn v. Railroad, 135 Mo. 519, 124 Mo. 625; Culbertson v. Railroad, 140 Mo. 62; Packard v. Railroad, 181 Mo. 421; 26 Am. and Eng. Ency. Law (2 Ed.), 88. (2) The court erred in giving an instruction that if the jury returned a verdict for plaintiff it should be in the sum of forty-five hundred dollars.

*T. F. McDearmon* and *Ernest E. Wood* for repondents.

NORTONI, J.—The first question to be disposed of is whether or not there is a bill of exceptions in the record for review. It is insisted by plaintiffs that the bill was filed after the time granted for that purpose had expired and therefore the bill presents nothing for review save the record proper. The facts with respect to this matter are as follows:

The cause was tried at the September term, 1904, of the circuit court, and plaintiff recovered a judgment for $4,500 against the defendant. After defendant's

proper motions for new trial and in arrest, duly filed, were overruled, it perfected its appeal to this court, and the circuit court, by order of record, granted it time until the second day of the succeeding March term, which would fall on March 7, to prepare and file its bill of exceptions. Within the time granted, to-wit: March 6, 1905, the same being the first day of the March term, defendant's counsel appeared in court and requested a further extension of time, and for good cause shown, such extension was ordered by the court and the time extended until August 1, to prepare and file the bill. It seems the clerk, through some oversight, failed to enter this order of the court on its records. At the same March term of the court, on June 2, the record shows the following proceedings were had with reference to a *nunc pro tunc* entry of the order theretofore made at the same term, March 6:

"That thereafter, on the second day of June, 1905, and during the same term of court, to-wit: the March term of court, 1905, defendant's motion for an entry *nunc pro tunc* for the filing of defendant's bill of exceptions herein coming on to be heard, the same was submitted to the court upon the evidence introduced, and on the said second day of June, 1905, at the same term of court, the court sustained the same, which order sustaining said motion is in words and figures following, to-wit:

"Now on this day come the said parties, by their respective attorneys, and defendant's motion for an order *nunc pro tunc* herein being called the same is duly submitted to the court upon the evidence introduced. And the court being now sufficiently advised of, in and concerning the premises, doth find that on the first day of the term of this court, to-wit: on the sixth day of March, 1905, defendant moved the court for an order extending the time in which defendant was allowed to file its bill of exceptions herein, and that the court, for

good cause shown, granted defendant's request and extended the time in which defendant was to file his bill of exceptions herein to and including August 1, 1905, and that the court on said sixth day of March, 1905, it being the first day of the March term of this court, ordered and directed the clerk of this court to make an entry of record on said sixth day of March, 1905, it being the first day of the March term of this court, extending, for good cause shown to the court, the time in which defendant was to file its bill of exceptions herein to and including August 1, 1905, that by some oversight no record entry was made herein by the clerk extending the time in which defendant was allowed to file its bill of exceptions herein to and including August 1, 1905, as allowed and ordered by the court to be done on said sixth day of March, 1905. It is therefore considered, adjudged and ordered by the court, that an entry of record *nunc pro tunc* be and the same is hereby made herein, in accordance with the direction and order of this court made on said sixth day of March, 1905, it being the first day of this March term of court; extending for good cause shown the time in which defendant be allowed to file his bill of exceptions herein and including August 1, 1905, and that the said record entry be and the same is hereby made as of the sixth day of March, 1905, it being the first day of the March term of court, so that the record of this court may be in conformity with what was done and ordered by the court herein on said sixth day of March, 1905, it being the first day of the term of this court."

On July 20, at the same term, the court, for good and sufficient cause shown to it, by another order of record, extended the time for filing the bill until September 11, 1905, and on September 8th, within the time thus extended, the bill appears to have been properly signed, sealed and ordered filed by the judge and filed by the clerk. It is insisted upon this state of the record

Gormley v. Transit Co.

that the last named order granting an extension of time
to defendant in which to file the bill of exceptions, is
void because it is asserted, the clerk having failed to en-
ter the order of March 6th of record until June 2nd, the
time theretofore granted during the September term
and expired before the court made its *nunc pro tunc* or-
der of June 2nd, and the court therefore had no author-
ity to extend the time by its *nunc pro tunc* order of June
2nd, supplying the record of March 6th.   It is said the
time having expired under the first order of March 2nd,
and no new order with respect thereto having been en-
tered upon the record to that date, none could be en-
tered thereafter.  The argument is that it is out of the
question to say the court could enter an order on June
2nd after the time had expired March 6th.  We are not
impressed with this argument in the least.  The court
did not attempt to extend the time on June 2nd, after
leave theretofore granted had expired, for it had very
properly made a proper order to that effect on the first
day of the term, March 6th, and on June 2nd, being ad-
vised that its clerk had failed through oversight to
enter its order of record theretofore made on March
6th, it very properly proceeded during the same term,
by a *nunc pro tunc* entry on that date, June 2nd, to sup-
ply the record as of date March 6th, and it supplied the
rcord by spreading an order thereon which was prop-
erly made and should have been entered on the record
March 6th theretofore.  Certainly if the court has no
power to make a *nunc pro tunc* entry after the date of
the entry which it seeks to supply, then *nunc pro tunc*
entries in the law, have no meaning or purpose what-
ever and there is no power in the court to make its erro-
neous record speak the truth.  Of course there is no ques-
tion here as to the sufficient memorandum required on
the records of the court when the court is called upon
to make a *nunc pro tunc* entry at a subsequent term.
The *nunc pro tunc* order here was entered at the same

term the order was made which it goes to supply, and it is well settled law in Missouri that where the court makes an order or pronounces a judgment and the clerk fails to enter the same on the record, it is competent for the court, during the term, to correct or amend its entry *nunc pro tunc* from its own recollection if it sees fit, so as to make the same correctly express what was done or ordered to be done in the first instance. It is said during the term which, in legal contemplation is but a single day, everything is *in fieri,* and during that term the judge, of his own knowledge, may enter any judgment which has been pronounced or correct any entry which has been erroneously entered or omitted by the oversight of the clerk. In this case the court acted, however, from evidence before it, as appears from the order. The law is so familiar in this respect that it scarcely needs the citation of authorities. The following are in point, however: Becker v. Schutte, 85 Mo. App. 57; Williams v. Walton, 84 Mo. App. 433; State v. Jeffors, 64 Mo. 376.

2. The plaintiffs are minors, the children of James Gormley, suing by their next friend, William C. Gormley, for the death of their father. It is alleged in the petition substantially that the deceased, while exercising ordinary care on his part, was in the act of crossing defendant's street-car tracks on Washington avenue in the city of St. Louis, and while so doing, became imperilled and was run upon and killed by defendant's street-car under such circumstances that his injury and consequent death might have been averted had defendant's servants exercised ordinary care on their part in managing and propelling the car, etc. The allegations of the petition, other than the amount sued for, bring the case within the purview of our penal statute, section 2864, Revised Statutes 1899, providing that for every such death, defendant shall forfeit and pay $5,-000. In this case, the petition prays a recovery for

$4,500 and all the acts of negligence relied upon in the petition and developed by the evidence on the trial pertain to the defendant's servants in propelling and managing the car. The evidence tended to sustain the allegations of the petition. On the measure of recovery, the court, under the authority of Marsh v. Railway, 104 Mo. App. 577, 78 S. W. 284, instructed the jury, in event they found the issues for plaintiff, they should assess the damages at $4,500, and authorized no recovery for an amount less than that prayed for in the petition. There was no other instruction on the measure of recovery. The jury having found for the plaintiffs, assessed the damages at the amount fixed in the petition and this instruction, $4,500. Defendant excepted to this ruling and appealed. The instruction was error. This proposition is identical with that involved in Casey v. St. Louis Transit Co., decided by this court and certified to the Supreme Court as being in conflict with Marsh v. Railway, supra, decided by the Kansas City Court of Appeals. The reasons for the ruling are fully given in Casey v. St. Louis Transit Co., 116 Mo. App. 235, 91 S. W. 419, and in this respect, the opinion of this court has been approved and adopted by the Supreme Court In Banc as the law on the subject at its present term. [See 205 Mo. 721, 103 S. W. 1146.]

For the reasons given in that case, the judgment will be reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.