# EVA C. HARLAN v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

### Division One, December 23, 1910.

1. **APPELLATE JURISDICTION: Change in Law After Transfer.** Where the judgment was for $4500 damages for the alleged negligent killing of plaintiff's husband, and it was contended on appeal to the Court of Appeals that her right of action was under Sec. 2864, R. S. 1899, wherein the amount to be recovered was fixed as a penalty at the sum of $5000, and that court therefore deemed the amount in dispute to be $5000 and transferred the case to the Supreme Court, but before it was submitted the statute was so changed as to increase the pecuniary jurisdiction of the Court of Appeals to $7500, the case will be transferred back to that court.

2. **————: Conflict in Decisions: Not Ground of Transfer.** Where the case was not transferred to the Supreme Court on the ground that there was a conflict between the decisions of different courts of appeals on the same point, jurisdiction will not be retained or assumed because of such admitted conflict; nor, indeed, can the Supreme Court obtain jurisdiction on that ground until the Court of Appeals delivers an opinion in the case which is in conflict with an opinion of another Court of Appeals.

3. **NEGLIGENCE: Amount of Damages: Injury Prior to Amendment of 1905.** A cause of action, under Sec. 2864, R. S. 1899, whereby the damages of a wife for the negligent killing of her husband is fixed at $5000, arising prior to the amendment of 1905, whereby the penalty was fixed at not less than $2000 nor more than $10,000, is not affected by that amendment, nor does the amendment have any application thereto.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

Transferred to Kansas City Court of Appeals.

VALLIANT, J.—This is an appeal from a judgment for $4500 damages for the alleged negligent killing of the plaintiff's husband by the defendant railroad company. The appeal was taken to the Kansas City

Court of Appeals. It was contended in that court that the plaintiff's right of action was under section 2864, Revised Statutes 1899, wherein the amount to be recovered was fixed as a penalty at the sum of $5000. In view of that contention the Kansas City Court of Appeals held that as $5000 was the sum in dispute it had no jurisdiction, and for that reason it transferred the cause to this court. Since the cause has been pending in this court the General Assembly has passed an act raising the limit of the pecuniary jurisdiction of the courts of appeals to $7500, but at the date of that act, June 12, 1909 (Laws 1909, p. 397), this cause had not been submitted in this court, and therefore by force of the terms of that act this court was required to transfer this cause back to the Kansas City Court of Appeals, but that was not done then because the case was not brought to the notice of the court.

In going through the briefs we discover that the point is presented that there is a conflict in two decisions, one of the Kansas City Court of Appeals and the other in the St. Louis Court of Appeals (Marsh v. Railroad, 104 Mo. App. 577, and Casey v. Railroad, 116 Mo. App. 235) on the question of whether a person can recover less than $5000 under section 2864, Revised Statutes 1899. But this case was not certified to this court under section 6 of the Amendment of 1884, authorizing a court of appeals to so certify a cause when, in the opinion of one of the judges, the decision is contrary to a previous decision of this court or of another court of appeals. Indeed until the Kansas City Court of Appeals had decided this case there could have been no such conflict, and no such conflict as between the two cases last named can now arise, because this court has settled that conflict. [Casey v. Railroad, 205 Mo. 721.]

The cause of action arose in 1903 and therefore the amendment of 1905 to section 2864, Revised Statutes

1899, whereby the penalty was fixed at not less than $2000, nor more than $10,000, has no application.

As the case now stands there is nothing in it except a controversy over a money judgment of less than $7500, therefore this court has no jurisdiction of it. The cause is transferred to the Kansas City Court of Appeals. All concur.