## Frank Ives et al. v. John Muhlenburg et al.

### Gen. No. 4,866.

JUDGMENT—*when obtained by partnership not void.* A judgment obtained by a partnership in the partnership name is not void and cannot be collaterally attacked where the defendants were personally served, appeared, did not plead in abatement, and did not in any other manner question the form in which the plaintiffs brought the suit.

Action commenced before justice of the peace. Appeal from the Circuit Court of Mercer county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the April term, 1907. Reversed, with finding of facts. Opinion filed August 6, 1907.

**Statement by the Court.** Frank, Fred, Rachel and Flora Ives, Hattie Ives Prouty and Roy Ballard, partners doing business under the firm name of G. Ives & Sons, brought this suit against John and Minerva Muhlenburg before a justice of the peace. Plaintiffs were defeated and appealed to the Circuit Court. The cause was there tried without a jury and there was a finding and a judgment for the defendants, from which the plaintiffs prosecute this further appeal.

Plaintiffs at the trial introduced in evidence a judgment rendered in 1899 by a justice of the peace, in a suit wherein the plaintiffs were described as G. Ives & Sons, and the judgment was in their favor against John and Minerva Muhlenburg for $112.70 and costs. Plaintiffs also proved that at the time said judgment was recovered by G. Ives & Sons before said justice of the peace that firm was composed of the same persons who are named as plaintiffs in the present suit and that the same firm had continued from the date of that judgment till the bringing of the present suit. Plaintiffs offered seven propositions of law to the general effect that where a plaintiff in a suit before a justice of the peace is a partnership and brings suit in the name of the firm without stating the names of its in-

dividual members, jurisdiction is conferred upon the justice to proceed to judgment unless there is a plea in abatement or a plea in the nature of a plea in abatement; that a judgment by a justice in favor of a firm in the firm name only is valid unless the bringing of such suit in the firm name only has been questioned by a proper plea, and that upon proof as to who constitute the members of the firm the judgment can be enforced. The trial court overruled the objections to the judgment and admitted it in evidence, but afterwards refused all the propositions of law and held the judgment void. ·

BASSETT & MORGAN, for appellants.

CONNELL & THOMASON, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

The sole question is this: Where G. Ives & Sons sued by the firm name only, and the defendants were personally served and appeared and did not plead in abatement, nor in any other way question the form in which the plaintiffs sued, but went to trial and there was a judgment against them, is that judgment void, or may the members of that firm sue and recover upon such judgment upon proving who were the members of that firm when the former·suit was brought and that the same persons are still the sole members of the firm? It is to be noted that this question is not raised by a direct appeal in the case where the judgment was rendered, but the judgment is collaterally attacked.

Where a statute has not provided otherwise, the rule no doubt is that a firm must sue in the names of the persons composing the firm and not in the firm name only. Dicey on Parties, Rule 20; 17 Am. & Eng. Ency. of Law, 488, 1237, 1250; Seely v. Schenck, 2 N. J. L. 71; Crandall v. Denny, 2 N. J. L. 128; McCredy v. Vanneman, 3 N. J. L. 435; Burns v. Hall, 3 N. J. L. 539; Burden v. Cross, 33 Texas 685. But the question

Ives v. Muhlenburg.

here is whether the defect must not be pleaded in abatement, or raised in some other way before judgment, or questioned in a direct proceeding. Is a judgment void when questioned collaterally, if the judgment was in favor of plaintiffs by their firm name only and against a defendant personally served who did not raise the question by plea in abatement or otherwise in the original suit, or by appeal or writ of error from said judgment?

There are authorities that such a judgment is void, but we think the current of authority supports the judgment, though not always upon the same reasons. In Wall v. Jarrett, 3 Ired. (N. C.) 42, a warrant had been issued by a justice in favor of "Wall and Holton" and there had been a judgment against the defendant, and a *ca. sa.* had been issued, and defendant Jarrett had been arrested and had given bond for his appearance at the County Court, payable to "Wall and Holton." Afterwards there was an appeal from the County Court to the Superior Court, and a judgment there in favor of Stephen Wall and John B. Holton, partners under the name of Wall and Holton; a forfeiture of the bond and a judgment in favor of said firm, giving the names of the individual partners and of the firm. From this judgment there was an appeal. The Christian names of the partners had not been inserted in the warrant or the *capias* under which the bond was given nor in the bond. It was held that Jarrett might have availed himself of the defect in the warrant by a plea in abatement, but not having done so the judgment before the justice was valid and so was the writ of *ca. sa.* and the bond. Lash v. Arnold, 8 Jones (N. C.) 206, was a suit on a bond securing the payment of two judgments. The judgments were in favor of "Lash & Moore" on warrants in favor of Lash and Moore. The plaintiffs were in fact William A. Lash and Edward H. Moore, trading under the name of Lash & Moore, and in this suit their names

were set out in full as trading under the firm name. The court admitted the judgments in evidence over objection. It was held that the suits had not been brought in the proper names of the plaintiffs and that defendant might have availed of the defense by a plea in abatement, but not having pleaded in abatement, the imperfection was cured by judgment, and that the judgments were not nullities. The court there said: "If the plaintiffs had brought suit on the judgment they would have been at liberty to set forth in their declaration their true names of William A. Lash and Edward H. Moore, trading under the name and style of Lash & Moore, and in support of that declaration might have given in evidence the judgment in favor of Lash and Moore." The court overruled a previous case where the contrary had been held, and said that the true rule is that plaintiffs in such cases may aver and prove that they are the same persons who were known and called by the name of the firm. In Pate v. Bacon, 6 Munf. (Va.) 219, "Edward P. Bacon & Company" brought suit, without stating the names of the partners. Plaintiffs had judgment. On appeal it was argued that the suit could not be maintained without setting forth in the declaration the names of the partners. The judgment was affirmed without discussion. In a foot note, Murdock v. Herndon's Excrs., 4 H. & M. 200, Scott v. Dunlop, 2 Munf. 349, and Totty's Excr. v. Donald, 4 Munf. 430, are cited as holding that such a declaration, stating plaintiffs by their firm name only, is good after verdict for plaintiffs upon the general issue. Downer v. Morrison, 2 Gratt. (Va.) 250, was a suit by Downer & Company, as plaintiffs. Defendants proved that Downer & Company was composed of Downer and a person named Hall, and moved for a nonsuit on the ground that all the persons constituting the firm were not made plaintiffs. The trial court denied the motion, and that ruling was sustained. In Morse v. Chase, 4 Watts

(Pa.) 456, where the suit was brought by "Joseph L. Chase & Co.," it was held that after verdict the court would presume Joseph L. Chase & Company to be the real persons and to be the real names of the parties with whom defendant contracted, citing Porter v. Cresson, 10 Serg. & Rawle, 257. In Sims v. Jacobson, 51 Ala. 186, a suit by plaintiffs in their firm name only, a plea in abatement because the names of the individual partners were not stated, was held good, but that the plaintiffs had a right thereafter to amend by inserting the individual names of the partners. In Bennett v. Child, 19 Wis. 383, certain premises had been sold on execution and' the. validity of that sale. was involved. The judgment and the execution were in favor of Child, Gould & Company, the names of the persons composing such a partnership not being stated. It was argued that Child, Gould & Company is not a party known to the law and that the judgment was void. It was held that this position was untenable, and that if the defendant in that suit had desired to take advantage of that irregularity he should have raised the question before judgment. In Rohrbough v. Reed, 57 Mo. 292, it was held that it was improper to state the plaintiffs on the docket of a justice of the peace by their firm name only, and that the individual names of those who composed the partnership should have been set out, but that this would not authorize a dismissal of the suit as the title might be amended at any time before final judgment. In Fowler v. Williams, 62 Mo. 403, suit was brought by plaintiffs by their firm name only, without giving the names of the several partners. It was held that if advantage was sought to be taken of that defect it should be done at the trial, so as to give an opportunity to amend, and where this was not done and the case went to judgment for plaintiffs, the judgment was not void. The point was there raised on a direct appeal, but in Davis v. Kline, 76 Mo. 310, the question arose collaterally. Judgment had there been

rendered against Kline in favor of Brockmeyer & Rankin without giving the individual names of the members of said firm, and another judgment had been rendered against Kline in favor of Ossig & Hatig. Under these judgments executions had been issued and the property in question sold and conveyed. In a subsequent proceeding it was contended on behalf of Kline that these judgments were void because rendered in the firm names and not in the names of the individuals composing the firms. It was held that judgments rendered in favor of a firm by the firm name are not void. In Cooke v. Avery, 147 U. S. 375, it was held that an index to an abstract of judgments in Texas, under its laws for acquiring judgment liens, is insufficient which gives the names of the defendants correctly and the names of the plaintiffs merely by the partnership title, "Deere, Mansur & Co." In that case and in Fowler v. Williams, *supra,* it is shown that the question whether a judgment could be sustained against defendants by their firm name only presents entirely different considerations.

This question seems not to have been raised or decided in a collateral proceeding in Illinois, but in Young v. Lorain, 11 Ill. 625, there had been a deed of real estate to "Lorain & Co." without giving the names of the several persons composing that firm. It was held that parol evidence was competent to remedy the defect, and such evidence was introduced showing who the grantees were. This decision is in principle analogous to the rule prevailing in the cases above cited. So it is said in Freeman on Judgments, 4th Ed., sec. 154: "The identity of names in the record of a former suit with those in a present suit *prima facie* establishes the identity of the parties; but if the record fails to demonstrate the identity it may be shown by evidence *aliunde.*" This language was approved and applied to defendants in Pond v. Ennis, 79 Ill. 341, and Walker v. Ogden, 192 Ill. 314. In the latter case

the court said: "Where a judgment sued on has been rendered against a defendant by another name, it is necessary that the fact be alleged and proved in order to connect the defendant in the second suit with the judgment sued on." In Behrensmeyer v. Kreitz, 135 Ill. 591, in making a still different application of this rule, the court said: "Parties to a record or judgment can usually be ascertained by an inspection of the record; but such is not always the case. In Pond v. Ennis, 69 Ill. 341, it was held that where a party to a record is incorrectly named, he may be connected with the judgment by proper averments, and that when such averments are made and proved, the party intended to be named in the judgment is affected as though he were properly named therein." It will be seen that in Behrensmeyer v. Kreitz, *supra,* the court has stated the rule broadly enough to include plaintiffs as well as defendants, and to place this state on principle in-line with those herein above cited, holding that where the plaintiffs are not correctly named in the record, the judgment in their favor is not thereby rendered void, but may be enforced by suit thereon, with proper averments and proof to establish identity. But let us suppose that in the original suit brought by G. Ives & Sons against John and Minerva Muhlenburg before a justice defendants had been successful and had recovered a judgment against G. Ives & Sons, by that name only, for their costs; and afterwards had brought suit upon that judgment. Under Pond v. Ennis, *supra,* and other Illinois cases there would seem to be no doubt that, under proper averments and proof, recovery could be had against Frank Ives and the others composing the firm of G. Ives & Sons upon that judgment. If then, a judgment against G. Ives & Sons for costs in that case would have been good in favor of the Muhlenburgs, we see no reason why the same legal principle should not make good a judgment in favor of G. Ives & Sons in that case, upon due proof to establish identity.

Appellees ask in argument how they can know to whom to pay the judgment. The answer we think is that they were sued by plaintiffs by the name of G. Ives & Sons. They were personally served and appeared and a judgment was recovered against them which showed that they had dealt with a firm named G. Ives & Sons. It must be presumed that they knew the firm and where it did business and who its members were. They could have pleaded in abatement and thereby secured an amendment giving the names of the several partners. It is a fair inference that they did not so plead because they knew the names of the partners and knew where and to whom to pay the judgment if rendered. For aught that we can know that suit may have been upon a promissory note, signed by defendants and payable to G. Ives & Sons by that firm name. It is to be borne in mind also, that the judgment here sued upon was rendered by a justice of the peace. Such officers must be selected from the respective communities where they live. They are not required to be learned in the forms of the law. Such strictness in form and procedure ought not to be required of them as of courts of record. Our conclusion is that the original judgment before the justice in favor of G. Ives & Sons was not void, and that the transcript thereof together with the oral testimony showing that the several persons named as plaintiffs in this suit were the members of that firm when the former suit was brought and are the only members of that firm, entitled plaintiffs to recover, and that the court should have held the propositions of law presented and should have found for plaintiff.

It follows that the judgment against plaintiffs must be reversed. We see no reason for remanding the cause. A court of review, in reversing a cause and entering a proper judgment, may compute the interest to which the parties are entitled, as was done in Williams v. Bank of Illinois, 1 Gilm. 667; Manistee Lum-

ber Company v. Union National Bank, 143 Ill. 490; and Whittemore v. People, 227 Ill. 453. The judgment was for $112.70. We find the interest to be $47.70. Judgment will therefore be rendered in this court in favor of appellants against appellees for $160.40 and costs, with execution.

*Reversed, and judgment here.*

Finding of fact, to be incorporated in the judgment of the court. We find that appellees, defendants below, are indebted to appellants, plaintiffs below, in the sum of $160.40 upon the judgment introduced in evidence in the court below.