Joseph P. Lewis et al., Appellants, v. West Side Trust and Savings Bank of Chicago et al. Jack Cohen (Also Known as John M. Cohen), Appellee.

Gen. No. 41,235.

Opinion filed December 23, 1940. Rehearing denied January 6, 1941.

GOLD & LIEBMAN and PHILIP H. MITCHEL, both of Chicago, for appellants; CHARLES LIEBMAN, PHILIP H. MITCHEL and MAURICE R. KRAINES, of Chicago, of counsel.

SOLL J. SCHNITZ, of Chicago, for appellee; SOLL J. SCHNITZ, ISADOR BECKER and MORRIS K. LEVINSON, both of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is a bank stockholders' liability suit in which the trial court vacated a judgment against John M. Cohen. Plaintiffs appealed to the Supreme Court, which transferred the case to this court holding that no constitutional question was involved. (373 Ill. 245.) The question presented is whether the trial court was justified in vacating the judgment.

We follow the statement of facts given in the Supreme Court opinion. December, 1934, plaintiffs as creditors of the West Side Trust & Savings Bank, then in the hands of a receiver, brought a suit in the superior court of Cook county to enforce the liability of the stockholders of the bank; among these appeared the name of "B. Cohen & Sons" as the owners of 22 shares of the bank stock; they were sued and summoned under such name "by leaving a copy with John M. Cohen a co-partner in B. Cohen & Sons, a co-partnership." No appearance was filed and in May, 1935, judgment was rendered against "John M. Cohen, co-partner of B. Cohen & Sons, defendant herein" for $2,200. Execution was issued and returned unsatisfied.

In October, 1937, the receiver filed a creditors' bill against John M. Cohen and others seeking to satisfy the judgment; Cohen appeared in that proceeding and filed a motion to quash the summons; the receiver filed a cross-motion to strike, which was allowed in February, 1938, and the motion of Cohen to quash the summons was denied.

February 6, 1939, "Jack M. Cohen" filed a petition in this case alleging that his name is "Jack M. Cohen" and that he had never gone under the name of John M. Cohen and, moreover, that any judgment against him, individually, would be void when the bank stock was owned by and the suit was brought against B. Cohen & Sons, a co-partnership consisting of several individuals, and the petition prayed that the judgment entered May, 1935, be vacated. The petition was denied February 27, 1939, but on March 27, 1939, this order was vacated and leave was given to file a further petition to vacate. This petition presented by Cohen's attorney asserted it was contrary to law to sue a partnership as an entity without naming all the individuals constituting such partnership and that a judgment entered against one partner would be void *ab initio* because the court lacked jurisdiction of the parties. Plaintiffs moved to strike this petition but the court overruled the motion and entered an order that the judgment against John M. Cohen, copartner of B. Cohen & Sons, entered May 14, 1935, be vacated as absolutely void. Plaintiffs appeal from this order.

Defendant Cohen first argues that the judgment against "John M. Cohen" is void because his name is "Jack M. Cohen." There is no merit in this point. In *Pond v. Ennis,* 69 Ill. 341, a minor defendant was summoned as "Eoline Juliather" instead of by her correct name, "Collin Moffitt"; the court held that the only question of importance was whether she had legal notice of the proceedings, saying: "It is entirely immaterial by what names they were sued and summoned,

the essential question being, were the persons inter-
ested served with process? Names are nothing. The
gist of the matter is, were the parties in interest ac-
tually served. If the real party is served, even under
a wrong name, he must take advantage of that on the
trial.'' In *Pennsylvania Co. v. Sloan,* 125 Ill. 72, where
the defendant was sued by a wrong name, it was held
that where the real party in interest is served with
process, ''even though under a wrong name, he must
take advantage of the misnomer by plea in abatement
in such suit; and, if he does not, he will be concluded
by the judgment or decree rendered the same as if he
were described by his true name.'' This court will
take judicial notice that the names ''John'' and
''Jack'' are the same; that ''Jack'' is the usual nick-
name for ''John.''

Moreover, as stated above, it appears from the an-
swer of the receiver to the petition of defendant filed
February 6, 1939, that the receiver on October 27,
1937, filed a creditors' bill against John M. Cohen and
others, seeking to satisfy the judgment theretofore
entered; that the summons in that case was served
upon ''John M. Cohen and the said John M. Cohen
filed his appearance in the said proceeding''; that
thereafter John M. Cohen filed a motion to quash the
summons in the creditors' proceeding, which motion
was denied. Apparently, in that proceeding defend-
ant appeared under the name of John M. Cohen.

The record in the instant case shows the summons
was personally delivered to Jack M. Cohen; that he
was a partner in B. Cohen & Sons and was the person
intended to be served. If he objected to the sufficiency
of the service he should have appeared in court and
moved for appropriate relief. It is too late after
almost four years have passed to raise the point for
the first time.

A more difficult question is presented where the
name of the partnership, only, is mentioned in the bill

and the summons, and service is had upon one of the partners not named in either the bill or the summons. Defendant in his brief concedes that if all the members constituting the partnership of B. Cohen & Sons had been individually named in the bill and the summons, service on one of them would have conferred on the court jurisdiction of his person, but argues that because only the firm name is used the court does not obtain jurisdiction of a partner who is actually served with summons. We find no cases dealing with precisely similar facts. Defendant cites *Sinsheimer v. William Skinner Mfg. Co.,* 165 Ill. 116, where it was held that where the declaration shows on its face that a partner then living and not made defendant who is jointly liable on a contract with the party sued, the defendant may take advantage of the nonjoinder by demurrer, motion in arrest or by writ of error. In *Werner v. W. H. Shons Co.,* 341 Ill. 478, a judgment was entered against W. H. Shons Co.; the service of summons as shown by the return was on an alleged agent of the company. It was held that the record did not show whether the defendant was a partnership, a corporation or an individual doing business in that name, and the return of the sheriff that he had read the summons to "Ernest Basey, an agent," of the Shons company, was insufficient to give jurisdiction of the company.

All of the cases cited by defendant deal with the question of whether there was error or irregularity in the proceedings. Plaintiffs admit there might have been error in the proceeding that could have been taken advantage of within the required time and by the proper method, but argue that the judgment is not therefore necessarily void.

The case more nearly approaching in principle the one here involved is *Franklin Union No. 4 v. People,* 220 Ill. 355. There the plaintiff, called the Chicago Typothetae, was an unincorporated association composed of certain individual members; these were not

parties to the proceeding either by their individual names or by representation; plaintiff obtained an injunction, which was violated, and certain officers and members of Franklin Union No. 4, defendants to the bill, were held by the chancellor to be in contempt of court; upon appeal from that order it was urged there was no proper party plaintiff in the lower court and therefore the court had no jurisdiction to enter the injunctional order. In the opinion the Supreme Court said since it appeared that the Chicago Typothetae was not an actual or artificial person, ''had the question of its capacity to sue been raised by a demurrer to the bill or by a motion to dissolve the injunction upon the face of the bill, there would have been some force in the position that the bill was defective for want of proper parties''; that even though there was a defect of parties, that fact did not deprive the court of jurisdiction and its orders would not have been void. The opinion also quoted with approval from other decisions to the effect that the absence of proper or necessary parties is not a defect involving the jurisdiction or power of the court over the parties who are present and said if a bill could be amended it was not void and ''the court did not fail by reason of the want of parties or otherwise, to obtain . . . jurisdiction of the parties . . . for the purpose of making the order.'' See also *Ives v. Muhlenburg,* 135 Ill. App. 517.

No convincing argument or cited cases have been presented in support of the proposition that, although the individual Jack M. Cohen, one of the partners in B. Cohen & Sons, was served with summons and might have raised the question of any defect in the proceedings by proper and timely action, the court had no jurisdiction of him, and any judgment rendered in such proceeding is absolutely void. Such position is not in accord with justice. When he failed to take advantage of any irregularity in the original proceed-

ings, either by demurrer or plea, he waived any errors.

Plaintiffs properly say the court had no jurisdiction to entertain any petition to vacate the judgment, even though it may have been erroneous, after the time for filing a plea or appeal had expired. After the expiration of 30 days after the entry of the decree of May 14, 1935, the court lost jurisdiction to vacate the judgment. Ill. Rev. Stat. 1939, ch. 77, pars. 82, 83 and 84 [Jones Ill. Stats. Ann. 104.099–104.101]. The time for filing an appeal expired after one year. Ch. 110, § 76.

The contrary argument of defendant assumes that the judgment rendered against him was void *ab initio*. We have held otherwise. Paragraph 150, ch. 110, provides that no action shall be defeated by nonjoinder or misjoinder of parties and that proper parties may be added at any stage of the cause. It would have been a simple matter for defendant, by proper proceedings, to call attention to any failure to name in the bill and summons all the copartners of B. Cohen & Sons when the plaintiffs could have supplied this omission and obtained judgment against all of them. Defendant cannot at this late date, almost four years after judgment, raise for the first time the question of the jurisdiction of the court as to him when he concedes his partnership and that service on him would have been valid provided his copartners were named as partners.

For the reasons indicated the order of the trial court vacating the judgment of May 14, 1935, is reversed and the judgment should be left to stand as originally entered.

*Reversed.*

O'CONNOR, P. J., and MATCHETT, J., concur.